George RODRIGUEZ, Appellant,

v.

The State of Texas, Appellee.

No. 6–87–073–CR.

Court of Appeals of Texas,
Texarkana.

Feb. 8, 1989.

Leroy Peavy, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

BLEIL, Justice.

George Rodriguez appeals from the judgment of conviction for the offense of aggravated kidnapping. Rodriguez claims that his conviction for the first degree felony offense of aggravated kidnapping is void because as a matter of law the facts show only the second degree felony offense of aggravated kidnapping. He also argues that he was twice placed in jeopardy by being found guilty of the offense of aggravated sexual assault of a child arising out of the same criminal episode. We decide the issues in favor of the State and affirm.

Rodriguez and a companion forced the fourteen-year-old victim into their car at night, took her against her will to a house, threatened to kill her if she did not cooperate, sexually assaulted her, then took her in the car and left her on a road.

After the jury found Rodriguez guilty of the offense of aggravated kidnapping, the trial court, on a motion by Rodriguez, assessed punishment. The sentence was for confinement in the Texas Department of Corrections for sixty years, to run concurrently with a like sentence for the offense of aggravated sexual assault of a child arising from the same transaction.

The Texas Penal Code provides that the offense of aggravated kidnapping is a felo-

ny of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which case it is a felony of the second degree. Tex.Penal Code Ann. § 20.04 (Vernon 1974). A sixty-year sentence is within the range of punishment for a first degree felony, but it is beyond the range for a felony of the second degree. Tex.Penal Code Ann. § 12.32 (Vernon Supp.1989) & § 12.33 (Vernon 1974).

Rodriguez argues that it was undisputed that the victim was left alive and in a safe place, and he therefore should have been sentenced within the range of a second degree felony. Whether or not a defendant released a kidnapping victim in a safe place is a question for the trier of fact, the better practice being to submit the issue during the punishment phase of the trial. *Arevalo v. State,* 749 S.W.2d 271 (Tex.App.–San Antonio 1988, n.p.h.). The trial court, as the trier of fact in the instant case, was free to determine whether the victim was released in a safe place, and to assess punishment accordingly. We review the evidence in support of the trial court's findings and determine whether any rational trier of fact could have made the findings based on the evidence. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Crim.App.1985); *see also Thornburg v. State,* 699 S.W.2d 918 (Tex.App.–Houston [1st Dist.] 1985, no pet.).

The court assessed punishment within the range of punishment for a first degree felony. Thus, the court determined that the victim was not released in a safe place. Factors to consider in determining whether the actor released the victim in a safe place include the following: the remoteness of the location; the proximity of authorities or persons who could aid or assist; the time of day; climatic conditions; the condition of the victim; and the character of and the victim's familiarity with the location or surrounding neighborhood. *Williams v. State,* 718 S.W.2d 772 (Tex.App.–Corpus Christi 1986, pet. granted). In the instant case, there was testimony that after the victim had been sexually assaulted three times, she was released at night during winter (February) on a rural dirt road at a place with which she was not familiar and within a few minutes' walking distance from a gasoline service station. The victim did not know whether or not she would receive help from the station attendant, and there was no evidence of any other possible source of aid in the vicinity. Viewing the evidence in the light most favorable to the trial court's implicit finding, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Rodriguez did not release the victim in a safe place.

Rodriguez contends that he could not have been convicted of both aggravated kidnapping and aggravated sexual assault, because both offenses arose from a single episode, thus placing him in double jeopardy. Rodriguez raised a similar point of error in a companion case involving the aggravated sexual assault charge. We have addressed that point at length in our opinion in that case, *Rodriguez v. State,* 766 S.W.2d 358 (Tex.App.–Texarkana, 1989, n.w.h.) decided today, and for the reasons stated in that opinion, we find that he has not been twice placed in jeopardy for the same offense.

The judgment of the trial court is affirmed.