Douglas Chad **HARRELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 14–00–01100–CR, 14–00–01101–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 6, 2001.

Rehearing Overruled Jan. 24, 2002.

David Alan Disher, Houston, for appellant.

Joel H. Bennett, B. Warren Goodson, Jr., Galveston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

### J. HARVEY HUDSON, Justice.

Appellant, Douglas Chad Harrell, was charged by indictment in cause number 99CR0286 with the offense of aggravated robbery. He was separately indicted in cause number 99CR0287 for the offense of aggravated kidnapping. Appellant was convicted by a jury of the offenses of robbery and aggravated kidnapping and sentenced to twenty years' imprisonment and assessed a fine of $3,000, and fifty-five years' imprisonment, respectively.

In four issues, appellant contends: (1) section 20.04(d) of the Texas Penal Code unconstitutionally placed the burden of proof upon him to show the safe and voluntary release of his victim; (2) the trial court erred in charging the jury and, as a consequence, he was never convicted beyond a reasonable doubt on every element of the offense of aggravated kidnapping; (3) the jury's implicit finding that he failed to voluntarily release his victim in a safe place was manifestly unjust; and (4) the evidence was legally insufficient to support his conviction. We affirm.

### Factual Background

In the early morning hours of February 24, 1999, as Donna Marie Ilgenfritz opened the door to Silbernagel Elementary School in Dickinson, Texas, she was confronted by appellant. Brandishing a knife, appellant forced Mrs. Ilgenfritz into her automobile, compelled her to part with all the cash she had on her person, and drove some distance to Happy Hollow Street in Alvin, Texas. Appellant then bound Mrs. Ilgenfritz's wrists, legs, and mouth with duct tape and left her by the side of the road as he absconded in her vehicle. Appellant was later apprehended in Oklahoma.

### Section 20.04(d) of the Texas Penal Code

In his first point of error, appellant contends section 20.04(d) of the Texas Penal Code violates due process, in that it places the burden on a defendant convicted of aggravated kidnapping to prove by a preponderance of the evidence at the punishment phase that he released his victim alive and in a safe place to reduce the offense to a second degree felony. In his second point of error, appellant complains the trial court erred in charging the jury as to the burden of proof on the issue of safe release, and thus the State failed to prove each element of the offense of aggravated kidnapping beyond a reasonable doubt. Specifically, appellant argues that,

as he bore the burden to prove safe release by a preponderance of the evidence, the State was never able to prove beyond a reasonable doubt that he left Mrs. Ilgenfritz in danger. Appellant's second issue therefore depends upon his first, and so we consider them together.

Under the Texas Penal Code, when convicted of aggravated kidnapping, "[a]t the punishment stage of a trial, the defendant may raise the issue as to whether he voluntarily released the victim in a safe place." TEX. PEN.CODE ANN. § 20.04(d) (Vernon Supp.2001). If the defendant is able to prove this issue "in the affirmative by a preponderance of the evidence," the offense is reduced from a first to a second degree felony. *Id.* Thus, appellant correctly observes that "[t]he burden to demonstrate the 'safe release' affirmative defense" is on the defendant. *Carreon v. State,* 63 S.W.3d 37, 39 (Tex.App.—Texarkana 2001, no pet. h.).[1]

No Texas court has yet, in a published opinion, considered whether, by allegedly shifting the burden to the defendant, section 20.04(d) violates due process. However, an analogous issue has arisen with regard to section 19.02(d) of the Texas Penal Code. Under that section, a defendant convicted of murder may reduce the offense to a second degree felony if he proves by a preponderance of the evidence that the offense was committed under the immediate influence of sudden passion arising from adequate cause. *See* TEX. PEN.CODE ANN. § 19.02(d) (Vernon 1994). Despite its shifting of the burden of showing sudden passion to the accused, this statutory provision has been held not to violate the Due Process Clause of the United States Constitution. *See Green v. State,* 971 S.W.2d 639, 644 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd); *Robinson v. State,* 945 S.W.2d 336, 342 (Tex.App.—Austin 1997, pet. ref'd); *see also Bradley v. State,* 688 S.W.2d 847, 853 n. 13 (Tex.Crim.App.1985) (stating that, prior to the enactment of section 19.02(d), "it would be constitutionally permissible to modify § 19.02 to make it an affirmative defense to murder that a defendant acted under the immediate influence of sudden passion arising from an adequate cause, and to place the burden of proof on the defendant to establish such an influence by a preponderance of the evidence").

Accordingly, we find section 20.04(d) does not alter prior law, in that it likewise neither creates an exception to the offense nor includes failure to release the victim as an element of the offense. *See Robinson v. State,* 739 S.W.2d 795, 797 (Tex.Crim.App.1987) (en banc) (discussing the precursor to section 20.04(d)). Safe release remains merely a factor that mitigates punishment. Thus, the statute violates neither due process nor due course of law. *See Meraz v. State,* 785 S.W.2d 146, 152 (Tex.Crim.App.1990) (noting that, "[s]ince an affirmative defense is obviously not an element of the offense, it is within the State's power and its responsibility to regulate the procedures under which such laws are carried out"). Appellant's first point of error is overruled.

In his second point of error, appellant asserts the trial court erred in charging the jury and, as a consequence, he was never convicted beyond a reasonable doubt on every element of the offense of aggravated kidnapping. Specifically, appellant complains that under the court's charge he had the burden to prove, by a preponder-

---

1. Before September 1, 1994, the burden of persuasion on the safe release issue was on the State. *See Williams v. State,* 851 S.W.2d 282, 286 (Tex.Crim.App.1993); Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 20.04(b), 1973 Tex. Gen. Laws 883, 915 (Tex. Penal Code Ann. § 20.04(b), since amended and renumbered).

ance of the evidence, his victim was released in a safe place.[2] Because we find that safe release is not an element of the offense of aggravated kidnapping, but merely mitigates punishment, appellant's contention is without merit. The trial court properly instructed the jury in accordance with section 20.04(d) of the Texas Penal Code. Accordingly, we overrule appellant's second point of error.

### Voluntary Release in a Safe Place

In his third point of error, appellant contends the verdict of the jury on the charge of aggravated kidnapping was so against the great weight and preponderance of the evidence as to be manifestly unjust. In particular, appellant complains of the jury's implicit finding that Mrs. Ilgenfritz was not voluntarily released in a safe place.

■■■ Because a court of appeals is constitutionally vested with the authority to determine whether a jury finding is against the great weight and preponderance of the evidence, we are not obliged to accept the jury's implicit finding that appellant failed to prove his affirmative defense by a preponderance of the evidence if such a finding is irrational. *See* TEX. CONST. art. V, § 6; *Olivier v. State*, 850 S.W.2d 742, 744 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). When determining whether appellant has proved his affirmative defense by a preponderance of the evidence, the correct standard of review is whether, after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and prepon-

derance of the evidence so as to be manifestly unjust. *See Meraz v. State*, 785 S.W.2d 146, 155 (Tex.Crim.App.1990).

■■■ Appellant, in order to avail himself of the mitigating effect of section 20.04(d), must first have performed "some overt and affirmative act" which brought home to his victim that she had been "fully released from captivity." *Wiley v. State*, 820 S.W.2d 401, 411 (Tex.App.—Beaumont 1991, no pet.); *see also Hernandez v. State*, 10 S.W.3d 812, 822 (Tex.App.—Beaumont 2000, no pet.). That release must have occurred in a place and manner which realistically conveyed to Mrs. Ilgenfritz that she was then freed from captivity and in circumstances and surroundings wherein aid was readily available. *Id.*

■■■ Here, appellant left Mrs. Ilgenfritz at approximately 6:00 a.m. on the side of a road in a sparsely populated area. Because she was gagged, and bound hand and foot, the State contends Mrs. Ilgenfritz was never "released." We agree that "leaving" a victim, particularly one who is bound by physical restraints, is not necessarily synonymous with "releasing" the victim. We need not decide, however, whether Mrs. Ilgenfritz was "released" because even if released, the record contains ample evidence she was not released in a "safe place."

■■■ In making this determination as to situs, we consider the following factors: "(1) the remoteness of the location; (2) the proximity of authorities or persons who could aid or assist; (3) the time of day; (4) climatic conditions; (5) the condition of the

---

**2.** The complained-of charge provides as follows:

If the Defendant proves by a preponderance of the evidence that he voluntarily released the victim in a safe place the punishment shall be by confinement in the Texas Department of Corrections for any term of not more than twenty (20) years or less than two (2) years, and in addition to imprisonment you may assess a fine not to exceed Ten Thousand Dollars ($10,000).

By the term "preponderance of the evidence" is meant the greater weight and degree of the credible evidence in this case.

victim; (6) the character of the location or surrounding neighborhood; and (7) the victim's familiarity with the location or surrounding neighborhood." *Lavarry v. State,* 936 S.W.2d 690, 696 (Tex.App.—Dallas 1996, pet. ref'd) (citing *Rodriguez v. State,* 766 S.W.2d 360, 361 (Tex.App.—Texarkana 1989, pet. ref'd); *Williams v. State,* 718 S.W.2d 772, 774 (Tex.App.—Corpus Christi 1986), *aff'd in part and rev'd in part on other grounds,* 851 S.W.2d 282 (Tex.Crim.App.1993)). These factors, however, are only aids to be used in deciding whether the evidence, after considering all the surrounding circumstances existent in the case, shows the jury's finding was manifestly unjust.

Happy Hollow Street and its environs were, at the time of the offense, sparsely populated, dimly lit, and had been the site of numerous burglaries, two sexual assaults, and two unsolved homicides. A pack of wild dogs also roamed the area. Appellant's victim was left, physically unharmed but bound and gagged, on a patch of ground slightly back from the street in the early morning hours of a cold, but otherwise clear, winter's day. Despite the fact that Mrs. Ilgenfritz had the fortitude, while in a state of hysteria, to free herself and run for assistance, the jury could reasonably have concluded from this evidence that appellant did not leave his victim in a safe place. Suffice it to say that after considering the relevant evidence, we do not believe that the jury's finding was manifestly unjust. Appellant's third point of error is overruled.

## Legal Sufficiency

In his fourth point of error, appellant asserts the evidence was legally insufficient to support his conviction. Specifically, appellant complains he was never identified as having committed any offenses in Texas, let alone those for which he was convicted.

When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App.2000). We consider all of the evidence whether properly or improperly admitted. *Green v. State,* 893 S.W.2d 536, 540 (Tex.Crim.App. 1995); *Chambers v. State,* 805 S.W.2d 459, 460 (Tex.Crim.App.1991). Moreover, in determining legal sufficiency, we do not examine the fact finder's weighing of the evidence, but merely determine whether there is evidence supporting the verdict. *Clewis v. State,* 922 S.W.2d 126, 132 n. 10 (Tex.Crim.App.1996).

Because he wore panty hose over his head, Mrs. Ilgenfritz never saw the face of the man who abducted her at knife point. Appellant contends that in the absence of such identification, when coupled with a lack of fingerprints or DNA evidence linking him to the tools of the crime, the State was unable to establish he committed the offenses for which he was convicted. Appellant neglects to mention, however, that these tools—the knife, panty hose, camouflage jacket, and duct tape used to kidnap and rob Mrs. Ilgenfritz—were found in appellant's backpack when he was stopped in Oklahoma while driving the victim's vehicle. Moreover, appellant used Mrs. Ilgenfritz's credit cards to finance his excursions to Florida and Oklahoma. This evidence is sufficient for a rational trier of fact to find appellant kidnapped and robbed Mrs. Ilgenfritz.

Appellant also contends that as to the aggravated kidnapping charge, the State's evidence is insufficient to support the conviction because the State failed to

show the victim was abducted with the intent to facilitate the commission of a felony as recited in the indictment, namely, aggravated robbery or unauthorized use of a motor vehicle. However, the evidence recounted above plainly demonstrates appellant kidnapped Mrs. Ilgenfritz to facilitate the theft of her automobile and other property. The moment appellant drove away in Mrs. Ilgenfritz's car, he committed the offense of unauthorized use of a motor vehicle. Accordingly, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.