Affirmed in Part, Reversed and Remanded in Part, and Majority and
Concurring Opinions filed February 27, 2003
















Affirmed in
Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed
February 27,
 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-01-01015-CR & 

     14-01-01017-CR

____________

 

DAVID GLENN NOLAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________

 

On Appeal from
the 183rd District Court

Harris County, Texas

Trial Court
Cause Nos. 863,156 and 862,772

 

__________________________________________

 

M A J O R I
T Y   O P I N I O N

            In this
consolidated appeal, appellant David Glenn Nolan challenges his convictions for
aggravated kidnapping and aggravated sexual assault of a child.  We affirm the trial court’s judgment as to
the kidnapping offense.  Because we conclude
that the use of appellant’s prior deferred adjudication to enhance his punishment
violated the constitutional prohibition against ex post facto laws, we reverse
appellant’s life sentence for aggravated sexual assault of a child and remand
that case to the trial court for a new punishment hearing.








                              I.  Factual and Procedural Background

            After pleading guilty to
aggravated kidnapping and aggravated sexual assault of a child, appellant
received two life sentences from a jury. 
The two cases involved two different child complainants, S.A. and A.K.[1],
both of whom attended the same elementary school.  Each boy was walking home from school alone
when appellant abducted him by impersonating a police officer.

                                                                           S.A.

            In cause number 863,156, appellant
pleaded guilty to the aggravated sexual assault of a child, S.A., in
February of 2000.  Sixteen years earlier,
in 1984, appellant had been placed on deferred adjudication for ten years after
pleading guilty to aggravated sexual assault of a child; in 1986, he was
granted an early termination of deferred adjudication.  At the punishment hearing for the 2000
offense, the State used the deferred adjudication from 1984 to enhance
appellant’s punishment.  Appellant
asserts that use of his 1984 deferred adjudication to enhance his punishment
violates the Ex Post Facto Clause of the United States Constitution.

                                                                          A.K.

            In cause number 862,772, appellant
pleaded guilty to the aggravated kidnapping of A.K. in November of 2000.  On a school-day afternoon, appellant told
A.K. to get into his car because he was a police officer.  The child complied and as appellant drove the
car, he asked A.K. vulgar questions and then instructed A.K. to remove his
pants and underwear.  The child
complied.  Appellant then severely beat A.K.’s buttocks and repeatedly told the child to “take it
like a man.”  Appellant stopped beating
A.K. when a real police officer pulled appellant over for running a stop
sign.  Appellant told A.K. to pull his
pants up before the police officer got to appellant’s car, and A.K. complied.  The officer issued a traffic citation that
indicated the stop was made at 4:20 p.m.  After the traffic stop, appellant drove A.K.
to Jackson Middle
 School and released him.  Appellant told A.K. not to tell anyone of the
assault, threatening that something bad would happen if A.K. told anyone.  A.K. ran home and told his mother what had
happened. 

            Minutes before appellant kidnapped
A.K., he had tried to lure S.A. into his
vehicle.  S.A., however,
recognized appellant as his attacker from several months before.  S.A. ran home
and told his mother, who immediately called the police.  Police later traced the traffic citation A.K.
had told them about to find and arrest appellant.  S.A. and A.K.
each identified appellant as the attacker.

                                                       II.  Issues Presented

            Appellant asserts the following issues for review:

(A)      As applied to appellant,
is section 20.04(d) of the Texas Penal Code unconstitutionally vague?

(B)      Does section 20.04(d) of
the Texas Penal Code unconstitutionally place the burden of proof on the
defendant in a criminal trial?

(C)      Did the trial court err
by refusing to submit appellant’s proposed jury instruction?

(D)      Viewing the evidence in
the light most favorable to the verdict, could a rational trier
of fact have found that appellant did not voluntarily release A.K. in a safe
place?

(E)       Does the use of appellant’s 1984 deferred adjudication to
enhance punishment under a 1997 statute violate the federal constitutional
prohibition against ex post facto laws?
[2]

                                               III. 
Analysis and Discussion

A.        Is section 20.04(d) of the Texas Penal Code
unconstitutionally vague as applied to appellant?

 

            In
his first issue on appeal from his kidnapping conviction, appellant asserts
that section 20.04(d) of the Texas Penal Code is unconstitutionally vague as
applied in this case.  Appellant has
waived error, if any, on this issue because he failed to preserve error in the
trial court.  He also failed to
adequately brief the issue in his appeal to this court.

            To preserve a complaint for
appellate review, a party must make a timely request, objection, or motion with
sufficient specificity to apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a); Saldaño v. State,
70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002). 
With few exceptions not applicable here, even constitutional complaints
may be waived by the failure to raise a timely objection in the trial
court.  See Saldaño,
70 S.W.3d at 886–89.  A complaint that a
statute is unconstitutional as applied because of vagueness must be raised in
the trial court to preserve error.  McGowan v. State, 938 S.W.2d 732, 741–42
(Tex. App.—Houston [14th Dist.] 1996), aff’d on other grounds
sub nom., Weightman
v. State, 975 S.W.2d 621 (Tex. Crim. App.
1998).  Appellant has not cited, and we
have not found, any place in the appellate record showing that appellant raised
this issue in the trial court.

            Even if appellant had preserved his
first issue in the trial court, he has waived error by failing to adequately
brief it on appeal.  To present an issue
for appellate review “the brief must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the
record.” 
Tex. R. App. P. 38.1(h). 
Appellant has not presented a single argument or citation in support of
his first issue.  He has not addressed
any of the governing legal principles or applied them to the facts of this
case.  See King v. State, 17 S.W.3d 7, 23 (Tex.
App.—Houston [14th
Dist.] 2000, pet. ref’d).  Appellant’s brief merely contains a sentence
that says section 20.04(d) of the Texas Penal Code violates due process.  Conclusory statements
which cite no authority present nothing for appellate review.  Id.; see also Vuong v.
State, 830 S.W.2d 929, 940 (Tex. Crim. App.
1992).  Accordingly, we hold appellant
has waived his complaint and overrule appellant’s first issue. 

 

B.        Does section 20.04(d) of the Texas Penal Code
unconstitutionally shift the burden of proof to the defendant in a criminal
trial?

 

            In his second issue, appellant
asserts that section 20.04(d) of the Texas Penal Code is unconstitutional
because it allegedly places the burden of proof on the defendant in a criminal
trial.  However, appellant’s brief does
not contain any argument or authorities which address the constitutionality of
section 20.04(d), so appellant has waived any error on the constitutional issue
by failure to brief.  See Tex.
R. App. P. 38.1(h); King, 17
S.W.3d at 23.  

            Even if appellant had not waived
error, this issue still would fail because this court has held that section
20.04(d) does not violate due process or due course of law.  See
Harrell v. State, 65 S.W.3d 768, 770–71 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d). The burden-shifting
provision of section 20.04(d) does not violate due process because it does not
negate any facts of the crime that the State has to prove in order to convict
appellant of aggravated kidnapping.  See Patterson v. New York, 432 U.S. 197,
205–11, 97 S. Ct. 2319, 2324–27, 53 L. Ed. 281 (1977) (holding that United
States Constitution does not require a State to prove beyond a reasonable doubt
every fact which the State recognizes as a mitigating circumstance affecting
the degree of culpability or the severity of punishment, as long as the State
proves all elements of the crime beyond a reasonable doubt).  Appellant pleaded guilty and raised safe
release at the punishment hearing.  If
appellant had not pleaded guilty, then the State would have had to prove that
appellant intentionally or knowingly restricted A.K.’s
movements without his consent so as to interfere substantially with his liberty
by moving him from one place to another or by confining him with intent to
prevent his liberation by secreting or holding him in a place where he was not
likely to be found and with intent to inflict bodily injury on A.K.  See Tex. Pen. Code §§ 20.01, 20.04(a).  In attempting to prove that he voluntarily
released A.K. in a safe place, appellant was not negating any of these facts of
the crime that the State would have had to prove to convict appellant of
aggravated kidnapping.  Therefore, the fact
that section 20.04(d) allows mitigation of punishment if appellant proves that
he voluntarily released A.K. in a safe place does not unconstitutionally shift
the burden of proof to appellant on an element of the offense of aggravated
kidnapping.  See Patterson, 432 U.S. at
198–211, 97 S. Ct. at 2321–27; Harrell, 65 S.W.3d at 770–71. 


            Under his second issue, appellant
also argues that the State has the burden of proof under section 20.04(d).  This argument has no merit because the plain
language of the statute places the burden of proof on appellant to show
voluntary release in a safe place.  In
its entirety, section 20.04(d) of the Texas Penal Code provides:

(d)  At the punishment stage of a
trial, the defendant may raise the issue as to whether he voluntarily released
the victim in a safe place.  If the
defendant proves the issue in the affirmative by a preponderance of the
evidence, the offense is a felony of the second degree.

 

Tex. Pen. Code § 20.04(d). 
Safe and voluntary release is not an element of aggravated kidnapping
which the State must prove beyond a reasonable doubt.  Harrell,
65 S.W.3d at 772.  Rather, this provision
allows a defendant who has been convicted of aggravated kidnapping to mitigate
punishment, if he can prove by a preponderance of the evidence that he
voluntarily released the victim in a safe place.  See
Posey v. State, 966 S.W.2d 57, 62–63 (Tex. Crim.
App. 1998).  Accordingly, we overrule
appellant’s second issue.

C.        Did the
trial court err by refusing to submit appellant’s proposed jury instruction?

            In
his third issue, appellant asserts that the trial court erred by refusing to
submit his requested jury instruction on the issue of release in a safe place.  In reviewing complaints concerning the jury charge, this court applies a two-pronged
analysis.  Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim.
App. 1994).  First, we determine whether
there is error in the jury charge.  Id.  If so, we then determine whether that error
caused sufficient harm to require reversal. 
Id.

            The trial court’s jury
charge provided an instruction that closely tracks the language of section
20.04(d) and sets forth the applicable mandatory sentencing ranges.[3]  We have examined the jury charge, and we
conclude it does not contain error. 
Furthermore, contrary to existing law, appellant’s requested instruction
did not place the burden of proof on him.[4]  A trial court does not err by refusing to
submit a charge that is contrary to existing law.  See
Stone v. State, 703 S.W.2d 652, 655 (Tex. Crim.
App. 1986).  Thus, the trial court did
not err in refusing appellant’s requested instruction.  Accordingly, we overrule appellant’s third
issue.

D.        Viewing the evidence in the light most favorable to the
verdict, could a rational trier of fact have found
that appellant failed to voluntarily release A.K. in a safe place?

 

            In his fourth issue, appellant
challenges the legal sufficiency of the evidence to support the jury’s finding
that he did not release A.K. in a safe place. 
Because appellant had the burden of proof on whether he released the
victim in a safe place, appellant can only prevail if the record shows as a
matter of law that appellant released A.K. in a safe place.  See
Cover v. State, 913 S.W.2d 611, 619 (Tex. App.—Tyler 1995, pet. ref’d).  In reviewing
whether a disputed point has been established as a matter of law, we first
examine the record for evidence which supports the finding while ignoring all
evidence to the contrary.  Id.  If there is no evidence to support the
finding, we then examine whether the contrary finding is established as a
matter of law.  Id. 

            In assessing whether appellant
released his victim in a safe place, we consider the following factors: (1) the
remoteness of the location; (2) the proximity of authorities or persons who
could aid or assist; (3) the time of day; (4) climatic conditions; (5) the
condition of the victim; (6) the character of the location or surrounding
neighborhood; and (7) the victim’s familiarity with the location or surrounding
neighborhood.  See Harrell, 65 S.W.3d at 772–73.

            The record shows appellant released
A.K., who had been injured as a result of the beating, at Jackson Middle
 School, located at 5100 Polk, in Houston, at some
time between 4:20 p.m. and 5:00 p.m.  We conclude
that the evidence in the record does not establish that at that time Jackson Middle
 School was a safe place to release the
victim as a matter of law.  See Lavarry v. State, 936 S.W.2d 690, 697 (Tex. App.—Dallas 1996, pet. dism’d) (determination is based on the safety of the place
of release, not on subjective factors). 
The record contains no evidence of the climatic conditions on the day in
question or of the character of the neighborhood in which Jackson Middle
 School is located, nor is there any
evidence as to the safety of the surrounding area.  Nothing in the record indicates whether the
release was during school hours or at a time when school activities were
ongoing, whether there were students, teachers, or other people in the area,
whether the victim was familiar with the campus, whether the gates and doors to
the school were unlocked, or whether school authorities were in the school or
on campus at the time of the release. 
Further, appellant did not show whether the surrounding area was
generally safe or crime-ridden.  See Gibbons
v. State, 652 S.W.2d 413, 415 (Tex. Crim. App.
[Panel Op.] 1983) (holding that evidence was sufficient to support finding of
release in unsafe area where complainant was released near a high-crime area), superseded by statute in part on other
grounds as stated in Ex parte Butler, 884 S.W.2d
782, 784 (Tex. Crim. App. 1994).  Traffic conditions, especially between 4:20 p.m. and 5:00 p.m., may have rendered the middle-school campus a
dangerous place to release a frightened and injured child of elementary-school
age.  Appellant failed to produce
evidence on factors critical to determining the safety of the place of
release.  Therefore, we conclude that
appellant did not prove as a matter of law that he released A.K. in a safe
place.  Accordingly, we overrule
appellant’s fourth issue.

            In his argument, appellant requests
that this court review the factual sufficiency of the evidence if we find the
evidence legally sufficient to sustain the jury’s verdict.  Although appellant has briefed factual
sufficiency, he failed to present it as an issue for review and thereby waived
error.  See Tex. R. App. P.
38.1(e); Dudley v. State, 58 S.W.3d
296, 300 n.4 (Tex. App.—Beaumont 2001). 
Nevertheless, we have examined the factual sufficiency of the evidence
in the interest of justice.  In reviewing
factual sufficiency we assess whether, after considering all the evidence
relevant to the issue at hand, the jury’s finding is so against the great
weight and preponderance of the evidence so as to be manifestly unjust.  Harrell,
65 S.W.3d at 772.  Based on the seven factors
listed above, we conclude that the jury’s verdict is not so against the great
weight and preponderance of the evidence so as to be manifestly unjust.  See id.
at 773.

            Having overruled appellant’s four
issues directed at his aggravated-kidnapping conviction, we affirm the trial
court’s judgment in Cause Number 14-01-01017-CR. 

E.        Does the use
of appellant’s 1984 deferred adjudication to enhance punishment under a 1997
statute violate the federal constitutional prohibition against ex post facto laws?

 

            In his sole
issue on appeal from his conviction for aggravated sexual assault of a child,
appellant asserts that the trial court violated the federal constitutional
prohibition against ex post facto laws by permitting the State to use
appellant’s 1984 deferred adjudication to enhance punishment under section
12.42(g)(1) of the Texas Penal Code, which did not exist in 1984.  The Legislature enacted this section in 1997
to allow a prior deferred adjudication to be used for purposes of enhancing
punishment for repeat and habitual offenders under section 12.42(c)(2) of the
Penal Code.  See Act of May 31, 1997, 75th Leg., R.S., ch.
667, § 4, 1997 Tex. Gen. Laws 2250, 2252, amended
by Act of April 23, 1999, 76th Leg., R.S., ch.
62, § 15.01, 1999 Tex. Gen. Laws 127, 357. 
Section 12.42(g)(1) provides:

(g)  For the purposes of
Subsection (c)(2):

(1) a defendant has been previously convicted of an offense listed
under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense
or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication,
regardless of whether the sentence for the offense was ever imposed or whether
the sentence was probated and the defendant was subsequently discharged from
community supervision . . .. 

 

Tex. Pen. Code § 12.42(g)(1).

 

            Before 1997, under article 42.12,
section 5(c)(1) of the Code of Criminal Procedure, the court or jury could
consider prior deferred adjudications in assessing punishment for a subsequent
conviction, but the deferred adjudication was not deemed a conviction under the
repeat-offender statute.  See Davis v. State, 968 S.W.2d 368, 372
(Tex. Crim. App. 1998) (discussing how the
Legislature enacted section 5(c)(1) to make deferred-adjudication evidence
admissible at punishment hearings).  The
repeat-offender statute mandates an automatic life sentence for a criminal
defendant who has certain prior
felony convictions and who is later convicted of a crime listed in the
statute.  See Tex. Pen. Code §
12.42(c)(2).  In relevant part, the
repeat-offender statute provides:

(2)  A defendant shall be
punished by imprisonment in the institutional division for life if:

            (A) the defendant is convicted of an offense:

                        (i) under Section
22.021 [aggravated sexual assault], Penal Code;

                        . . .

and

(B)  the defendant has been
previously convicted of an offense:
. . .

            (ii) under . . .
22.021[aggravated sexual assault], . . . Penal Code. 

Tex. Pen. Code § 12.42(c)(2).

 

            At trial, appellant’s 1984 deferred
adjudication for aggravated sexual assault of a child was deemed a conviction,
and it triggered an automatic life sentence for his 2001 conviction for
aggravated sexual assault of a child. 
Appellant argues that, under the circumstances, the repeat-offender statute operated as an ex post facto punishment because he received deferred
adjudication in 1984 under a statute which stated that “[a] dismissal and
discharge under this section may not be deemed a conviction for the purposes of
disqualifications or disabilities imposed by law for conviction of an offense
.”  Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572,
573 (former Tex. Code Crim. Proc. art. 42.12, § 3d(c)), amended by Act of May 29, 1989, 71st
Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws
3471, 3500–01, amended by Act of May
29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.
Gen. Laws 3586, 3719–20, amended by
Act of May 26, 1995, 74th Leg., R.S., ch. 256, § 2,
1995 Tex. Gen. Laws 2190, 2191, amended
by Act of May 31, 1997, 75th Leg., R.S., ch. 667,
§ 1, 1997 Tex. Gen. Laws 2250, 2250–51 (current version at Tex. Code Crim.
Proc. art. 42.12, § 5(c)(1)). 

            The Ex Post Facto Clause of the
United States Constitution prohibits retroactive imposition of punishment under
penal statutes.  U.S. Const. art. I, § 10; Collins
v. Youngblood, 497 U.S. 37, 41,
110 S. Ct. 2715, 2718, 111 L. Ed. 2d 30
(1990).  A statute violates the Ex Post
Facto Clause if it changes the punishment and inflicts a greater punishment
than the law attached to a criminal offense when committed.  Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). 
The use of a conviction that predates an enhancement statute does not
violate the Ex Post Facto Clause because providing a greater penalty for
subsequent conviction does not increase punishment for the first act, but
rather, is consonant with the truth that “repetition of criminal conduct
aggravates . . . guilt and justifies heavier penalties.”  Vasquez v. State, 477 S.W.2d
629, 632 (Tex. Crim. App. 1972) (quoting Graham v. West Virginia, 224 U.S. 616, 623,
32 S. Ct. 583, 585, 56 L. Ed. 917 (1912)). 
This case, however, presents a different issue because appellant
successfully completed deferred adjudication under a statute that expressly
provided the deferred adjudication would “not be deemed a conviction for the
purposes of disqualifications or disabilities imposed by law for conviction of
an offense.”  Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws
572, 573 (amended 1989, 1993, 1995, 1997).

            The Texas Court of Criminal Appeals
recently found a violation of the Ex Post Facto Clause when the trial court
treated a successfully completed deferred adjudication as a conviction under
section 12.42(g)(1) and when deferred adjudication had been granted under the
1991 version of article 42.12, section 5(c) of the Texas Code of Criminal
Procedure.  See Scott v. State, 55
S.W.3d 593, 595–98 (Tex. Crim. App. 2001).  In
Scott, the defendant had been convicted of aggravated sexual assault of a
child and objected to the State’s use of his 1991 deferred adjudication for
indecency with a child to trigger an automatic life sentence under section
12.42(g)(1).  See id. at
594–96.  The Scott court held, under facts substantially similar to those in
this case, that treating the deferred adjudication as a conviction negated the
express limitation contained in the deferred-adjudication statute, on which the
defendant was entitled to rely.  See id. at 597–98.  Our high court reasoned that removal of the
statutory restriction increased the collateral consequences of the offense and
therefore amounted to an ex post facto increase
in punishment for the deferred-adjudication offense.  See id.

            Under Scott, the trial court’s treatment of appellant’s 1984 deferred
adjudication as a conviction to enhance punishment under section 12.42(g)(1)
violates the Ex Post Facto Clause.  See id. 
Appellant successfully completed deferred adjudication under a statute
that was the predecessor statute to the deferred-adjudication statute involved
in Scott.  See
Act of May 7, 1975, 64th
Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws
572, 573 (amended 1989, 1993, 1995, 1997). 
The relevant language of the statute under which appellant received
deferred adjudication in 1984 is identical to the language of the
deferred-adjudication statute at issue in Scott.  Compare id. with Act of May 29,
 1989, 71st Leg., R.S., ch. 785, § 4.17,
1989 Tex. Gen. Laws 3471, 3501 (amended 1993, 1995, 1997); see also Scott, 55 S.W.3d
at 595 (quoting 1991 version of Tex.
Code Crim. Proc. art. 42.12, § 5(c)(1)).  As in Scott,
use of section 12.42(g)(1) to treat appellant’s prior deferred adjudication as
a conviction violates the Ex Post Facto Clause because the pre-existing
deferred adjudication statute expressly provided that appellant’s deferred
adjudication would not be deemed a conviction:

A dismissal and discharge
under this section may not be deemed a conviction for the purposes of
disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a
subsequent offense, the fact that the defendant had previously received
probation shall be admissible before the
court or jury to be considered on the issue of penalty.

Act
of May 7, 1975, 64th
Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws
572, 573 (amended 1989, 1993, 1995, 1997) (emphasis added).

            The State contends that the clause
containing the exception in the above statute distinguishes this case from Scott and nullifies any apparent ex post
facto issue because appellant’s
deferred adjudication was “used” at a punishment hearing.  This argument fails because the same language
was contained in the version of this statute addressed in Scott.  See Act of May 29,
 1989, 71st Leg., R.S., ch. 785, § 4.17,
1989 Tex. Gen. Laws 3471, 3501 (amended 1993, 1995, 1997); Scott, 55 S.W.3d at 595. 
Although the Scott court did
not quote the exception language, it alluded to it and stated that this
language did not allow use of a deferred adjudication to enhance punishment for
a subsequent offense.  See Scott, 55 S.W.3d at 595.  The exception language applies to those
instances in which a prior or pending deferred adjudication, though not deemed
a conviction, is admissible into evidence at the punishment hearing.  See
Brown v. State, 716 S.W.2d 939, 948–50 (Tex. Crim.
App. 1986).  The Scott holding governs the disposition of appellant’s ex post facto
challenge and requires that we find an ex post facto violation.  See
Scott, 55 S.W.3d at 594–98.                   Having sustained appellant’s
sole issue on appeal from his conviction for aggravated sexual assault of a
child, we reverse the trial court’s sentence in Cause Number 14-01-01015-CR
(the aggravated-sexual-assault case) and remand for a new punishment
hearing.     

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and
Majority and Concurring Opinions filed February 27,
 2003.

Panel consists of Justices
Yates, Anderson, and Frost.  (Anderson,
J. concurring.)

Publish — Tex. R. App. P. 47.2(b).

 











            [1]  To avoid revealing their identities, we
assign fictitious initials to both children.





            [2]  This is the sole issue on appeal from
appellant’s conviction for aggravated sexual assault of a child.





            [3]  The relevant portion of the jury charge
provided:

 

Now, bearing in mind the foregoing instructions, if you believe the
defendant proved by a preponderance of the evidence that the defendant, having
committed the felony offense of aggravated kidnapping, voluntarily released
[A.K.] in a safe place, you must make an affirmative finding as to the special
issue, and the punishment you must assess is by confinement in the
institutional division of the Texas Department of Criminal Justice for any term
of not more than twenty years or less than two years.  In addition, a fine not to exceed $10,000.00
may be imposed. 

 

But, if you do not believe the defendant proved by a preponderance of
the evidence that the defendant, having committed the felony offense of
aggravated kidnapping, voluntarily released [A.K.] in a safe place, you must
make a negative finding as to the special issue, and the punishment you must
assess is by confinement in the institutional division of the Texas Department
of Criminal Justice for life or for any term of not more than ninety-nine years
or less than five years.  In addition, a
fine not to exceed $10,000.00 may be imposed.





            [4]  Appellant’s requested instruction stated:

 

Now, bearing in mind the foregoing instructions, if you believe the
evidence shows by a preponderance of the evidence that the defendant, having
committed the felony offense of aggravated kidnapping, voluntarily released
[A.K.] in a safe place, you must make an affirmative finding as to the special
issue; 

 

But if you do not believe that the evidence shows by a preponderance of
the evidence that the defendant, having committed the felony offense of
aggravated kidnapping, voluntarily released [A.K.] in a safe place, you
must  make a negative finding as to this
special issue.