Affirmed and Memorandum Opinion filed October 27, 2005









Affirmed
and Memorandum Opinion filed October 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00805-CR

____________

 

RAYMOND
REYES,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 948,140

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant,
Raymond Reyes, for the murder of Gabriel Guapo and assessed punishment at
twenty-two years confinement in the Texas Department of Criminal Justice,
Institutional Division.  In a single issue,
appellant contends the jury=s failure
to find he acted under the influence of sudden passion was against the great
weight and preponderance of the evidence so as to be manifestly unjust.  We affirm.








FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2003, appellant fatally
stabbed Guapo at a picnic area near the Lakeview Apartments in Harris County,
Texas.  Appellant admitted the stabbing
to his friends, Santos Florez and Brandon Estrada; to his mother, Rosalie
Reyes; to the arresting officer, Detective Ray Hunter; and in open court during
the punishment phase of his trial.  At
trial, appellant claimed he killed Guapo because Guapo bragged about killing
appellant=s friend, Edwin Torres, who was
murdered the day before on May 4, 2003.[1]

The essential facts of this case
are undisputed.  On May 5, 2003,
appellant and Ismael Ruiz, appellant=s cousin,
ran into Guapo at the apartment complex where Ruiz resided.  Guapo asked appellant and Ruiz if they wanted
to go somewhere and smoke marijuana. 
Appellant, Ruiz, and Guapo went inside Ruiz=s
apartment to roll a marijuana cigarette. 
While inside Ruiz=s
apartment, appellant privately told Ruiz he was going to kill Guapo, and Ruiz
agreed to help.  When the three men left
Ruiz=s
apartment, appellant was armed with a knife. 
Appellant, Ruiz, and Guapo drove in Ruiz=s car to
the Lakeview Apartments and walked to a nearby picnic area to smoke
marijuana.  While Guapo was sitting at
the picnic table, appellant walked behind Guapo and repeatedly stabbed him and
cut his throat, inflicting forty-one knife wounds.  Guapo was unarmed.  Ruiz brought a pair of latex gloves and wore
them while removing money from Guapo=s pants
pockets after the killing.  After
stabbing Guapo, appellant and Ruiz threw the knife into a bayou and burned
appellant=s clothes.  








After hearing all of the
evidence, the jury found appellant guilty of murder, a first degree
felony.  See Tex. Pen. Code Ann. ' 19.02(c)
(Vernon 2003).  During the punishment
phase of the trial, appellant raised the issue of whether he caused the death
of Guapo under the immediate influence of sudden passion arising from an
adequate cause.  The jury reached a
negative finding on the special issue of sudden passion.

DISCUSSION

I.  Standard of Review

In Meraz v. State, the
Texas Court of Criminal Appeals established the standard of review to be
applied when a defendant claims the jury=s
negative finding on an affirmative defense, or other issue where the defendant
has the burden of proof, was not supported by the evidence.  785 S.W.2d 146, 154B55 (Tex.
Crim. App. 1990).  Subsequent cases have
also confirmed that standard.  See
Zuniga v. State, 144 S.W.3d 477, 482 (Tex. Crim. App. 2004);[2]
Clewis v. State, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996).

[W]hen the courts of
appeals are called upon to exercise their fact jurisdiction, that is, examine
whether the appellant proved his affirmative defense or other fact issue where
the law has designated that the defendant has the burden of proof by a
preponderance of evidence, the correct standard of review is whether after
considering all the evidence relevant to the issue at hand, the judgment is so
against the great weight and preponderance of the evidence so as to be
manifestly unjust. 

 








Meraz, 785 S.W.2d at 154B55.  Accordingly, this court applied the Meraz standard in Harrell
v. State as the standard of review for factual sufficiency of the jury=s
rejection of the punishment issue raised by the defendant as to whether he
voluntarily released the victim in a safe place after a kidnapping
conviction.  65 S.W.3d 768, 772 (Tex.
App.CHouston
[14th Dist.] 2002, pet. ref=d); see also Cleveland v. State, No. 01-03-01040-CR, 2005 WL 826943,
at *13 (Tex. App.CHouston [1st Dist.] April 7, 2005, pet. ref=d) (applying the Meraz standard,
as cited in Zuniga, when the appellate court conducts a factual
sufficiency review of a jury=s negative answer to the sudden passion mitigation issue
during the punishment phase). 

The existence of sudden passion is a mitigating
factor relevant to punishment, and the burden of proving sudden passion by a
preponderance of the evidence during the punishment phase rests on the
defendant.  Tex. Pen. Code Ann. ' 19.02(d)
(Vernon 2003); Rainey v. State, 949 S.W.2d 537, 541 (Tex. App.CAustin
1997, pet. ref=d).  Therefore, we will review appellant=s point
of error by considering all the evidence and determining whether the jury=s
rejection of his sudden passion punishment mitigation issue is so against the
great weight and preponderance of the evidence so as to be manifestly
unjust.  Zuniga, 144 S.W.3d at
482; Meraz, 785 S.W.2d at 155; Harrell, 65 S.W.3d at 772.

II.  Analysis

Appellant contends the jury=s failure
to find he acted under the immediate influence of sudden passion arising from
an adequate cause is against the great weight and preponderance of the evidence
so as to be manifestly unjust.  Appellant
argues Guapo=s repeated boasts about the death
of Torres caused such anger in appellant that he murdered Guapo.  In support of his argument, appellant points
to his testimony that Guapo bragged about the murder of Torres shortly before
appellant killed Guapo, and Guapo=s
bragging caused him to become more angry than he had ever been in his life.








Sudden passion means Apassion
directly caused by and arising out of provocation by the individual killed or
another acting with the person killed which passion arises at the time of the
offense and is not solely the result of former provocation.@  Tex.
Pen. Code Ann. '
19.02(a)(2) (Vernon 2003).  Adequate
cause means Acause that would commonly produce
a degree of anger, rage, resentment, or terror in a person of ordinary temper,
sufficient to render the mind incapable of cool reflection.@  Id. '
19.02(a)(1).  Murder committed under the
immediate influence of sudden passion is a felony of the second degree.  Id. '
19.02(d).  It is an essential element of
sudden passion that the provocation arise at the time of the offense.  See id. '
19.02(a)(2); Nance v. State, 807 S.W.2d 855, 861 (Tex. App.CCorpus
Christi 1991, pet. ref=d). 

Appellant testified he told Ruiz about his plan to
kill Guapo before getting into a car with Guapo and driving to the Lakeview
Apartments, although he later contradicted this testimony.  See Nance, 807 S.W.2d at 861B63 (holding
evidence of premeditation is sufficient to support a finding of no sudden
passion).  Appellant also testified he
and Guapo were not arguing when he started stabbing Guapo.  Further, appellant testified that after he
started stabbing Guapo, he saw a police officer and became scared; yet after
determining the officer did not see them, he continued to stab Guapo,
indicative of cool reflection.  From this
evidence, the jury could have reasonably concluded Guapo=s murder
was premeditated and appellant=s anger
did not arise at the time of the offense, but, rather, was the result of a
former provocation.  See Tex. Pen. Code Ann. '
19.02(a)(2); Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000)
(holding an appellate court must defer to the jury=s
determination of credibility of witnesses at trial unless the record clearly
reveals a different result is appropriate); Saenz v. State, 879 S.W.2d
301, 305 (Tex. App.CCorpus
Christi 1994, no pet.) (rejecting sudden passion argument when the evidence
reflected appellant acted in a calm and deliberate manner without immediate
provocation).  Moreover, based on
evidence that time had elapsed between appellant=s
decision to kill and the actual murder, the jury could have reasonably
concluded appellant had time to reflect upon his anticipated actions and
actually did reflect upon them before undertaking them.  See Daniels v. State, 645 S.W.2d 459, 460
(Tex. Crim. App. 1983).








Based on the foregoing, we conclude the jury=s
negative finding on the special issue of sudden passion is not so against the
great weight and preponderance of the evidence so as to be manifestly
unjust.  Accordingly, we overrule
appellant=s sole issue.

 

CONCLUSION

We affirm the judgment of the trial court.

 

/s/        John S. Anderson

Justice

 

Judgment rendered and Memorandum Opinion filed October 27, 2005.

Panel consists of Chief
Justice Hedges and Justices Yates and Anderson. 
(Yates, J., concurs in result only.)

 

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  During the
punishment phase of the trial, appellant testified he visited Liliana Hernandez=s apartment on May 4, 2003.  Torres, Hernandez, Guapo, and Chris Garcia
were in the apartment.  Appellant
testified that while he was undressed, Hernandez took appellant=s pistol and later refused to give it back.  Hernandez told appellant she and Guapo were
planning to murder Torres and take his money. 
Appellant warned Torres and tried to convince Torres to leave the
apartment, but Torres refused to leave. 
Appellant left Hernandez=s apartment, walked to a nearby field, and heard the
sound of gunshots coming from Hernandez=s
apartment.  Later that same day,
appellant spoke to Guapo, who bragged and joked about shooting Torres in the
head earlier in the day.  





[2]  The Zuniga court
synthesized the standard of review used by appellate courts when reviewing the
factual sufficiency of the evidence from the guilt/innocence phase.  See Zuniga v. State, 144 S.W.3d 477,
482B85 (Tex. Crim. App. 2004).  The court=s
primary goal was to link the burden of proof at trial to the standard of review
and avoid language suggestive of a preponderance-of-the-evidence burden of
proof when in fact the burden of proof during the guilt/innocence phase is
beyond a reasonable doubt for the state. 
Id. at 484.  Without
distinguishing between phases of the trial, the court also confirmed the
against the great weight and preponderance-of-the-evidence standard of review
as proper for review of jury rejection of issues raised by the accused upon
which the accused bears the burden of proof by a preponderance of the
evidence.  Id. at 482 (citing Meraz
v. State, 785 S.W.2d 146, 154B55 (Tex.
Crim. App. 1990)).