**Opinion filed December 9, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00134-CR
_____

### JOSHUA LATTIMORE, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16689B**

### M E M O R A N D U M   O P I N I O N

Joshua Lattimore pleaded guilty to aggravated kidnapping. After finding that Lattimore did not voluntarily release the complainant in a safe place, the jury found him guilty of a first degree felony and assessed his punishment at forty years confinement and a fine of $10,000. We affirm.

#### I. *Background Facts*

Lattimore and Roger Gore were in the custody of the Texas Youth Commission when they left a halfway house in San Antonio. They got a car and drove toward Abilene, where Gore claimed to have once lived. The car broke down near Bronte, and they hitchhiked the rest of the way. In Abilene, they frequented a mall during the day, shoplifted food, and spent their nights in an empty apartment to which they had gained access through a window. After three or four days, someone came to show the apartment, and the two ran away. Gore suggested that they get

a car. They went to a Wal-Mart, where Gore stole a BB gun. Lattimore and Gore then went to the Las Brisas apartment complex.

K.S. was a student at McMurry University. She worked nights at Blue Cross Blue Shield. At 11:30 p.m. one night, she got off work and drove back to her apartment in the Las Brisas complex. As she pulled into the parking lot, she saw two people walking around but was not concerned. She got out of her car and was walking away when she felt as though someone else was there. She turned around and saw Gore pointing a gun at her face. K.S. screamed, and Gore told her to shut up or he would kill her. Gore demanded her keys, and she handed Gore her purse. Gore found the keys and threw them to Lattimore, who then unlocked the car. Gore told K.S. to get in the backseat. Gore took off his shirt and covered her head. He got in the backseat with her and gave Lattimore directions on where to drive. Gore then sexually assaulted K.S.

Lattimore drove down Highway 277. At gas stations near Bronte and Sonora, Lattimore used K.S.'s debit card to get money. Lattimore continually threatened to kill K.S. She remained blindfolded and had no idea where they were going.

After the stop near Sonora, at around 4:00 a.m., Lattimore turned down a country road off Interstate 10. He left the country road for a dirt road through a pasture, driving over two cattle guards and some water. Lattimore saw some cows and commented that they should let the cows kill and eat K.S. When they finally stopped, Gore pulled K.S. out of the car. He removed his shirt from her head and ordered her to start walking and not to turn and look at him or he would shoot her. It was still dark, the grass came up to her thighs, and she worried about rattlesnakes. She walked through the pasture until she came to the fence line, at which point she started walking along the fence. She could see the car's taillights on the road.

When K.S. could no longer see the taillights, she returned to the dirt road. She made her way back to the highway and discovered that it was Interstate 10. Figuring that Lattimore and Gore were heading east to San Antonio, she crossed over the interstate and started walking west. She kept on the side of the road because she was afraid of snakes and other animals. Although she knew hitchhiking was dangerous, she attempted to flag down a car for help. Eventually, an eighteen-wheeler stopped and gave her a ride to a gas station near Sonora, around forty-five miles away. On the way, she used the driver's cell phone to call her parents. When K.S. arrived at the gas station, she told the clerk what had happened, and the clerk called the police. Lattimore was arrested in San Antonio.

## II. *Issue*

Lattimore argues that the evidence is legally and factually insufficient to support a finding that he did not voluntarily release his victim in a safe place.[1]

## III. *Discussion*

Aggravated kidnapping is a first degree felony, punishable by imprisonment for life or a term of not more than ninety-nine years or less than five years. TEX. PENAL CODE ANN. § 12.32(a) (Vernon Supp. 2010), § 20.04(c) (Vernon 2003). However, if the defendant proves by a preponderance of the evidence that he voluntarily released the complainant in a safe place, the offense is reduced to a second degree felony, punishable by a term of imprisonment of not more than twenty years or less than two years. *Id*. §§ 12.33(a), 20.04(d).

When reviewing the legal sufficiency of the evidence to support a negative issue for which the defendant has the burden of proof, we first examine the record for evidence that supports the negative finding while ignoring all evidence to the contrary. *Nolan v. State*, 102 S.W.3d 231, 238 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). If no evidence supports the negative finding, we must examine the entire record to determine whether it establishes the contrary proposition as a matter of law. *Id*.

To avail himself of Section 20.04(d), the defendant must show that the release occurred in a place and manner that realistically conveyed to the complainant that she was freed from captivity and in circumstances and surroundings where aid was readily available. *Harrell v. State*, 65 S.W.3d 768, 772 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The following factors are useful in determining whether a release was in a safe place: (1) the remoteness of the location, (2) the proximity of authorities or persons who could aid or assist, (3) the time of day, (4) climatic conditions, (5) the condition of the victim, (6) the character of the location or surrounding neighborhood, and (7) the victim's familiarity with the location or surrounding neighborhood. *Id*. at 772-73.

Officer Bryn Thomas Humphrey of the Sonora Police Department testified that the town of Junction was approximately twelve miles from where K.S. was released by way of a farm-to-market road. By interstate, Sonora was about forty-four miles away. There were very few houses in the area. Lattimore and Gore released K.S. at around 4:00 a.m. Even though the moon was out that night, K.S. had difficulty seeing. Photographs of the area taken by Officer Humphrey

---

[1]The Texas Court of Criminal Appeals has recently held that legal sufficiency is the only standard a reviewing court should apply. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010).

were provided to the jury. Officer Humphrey testified that the land in which K.S. was released was rugged and desolate and that it would have been very dark at the time. Lattimore himself admitted that the location was desolate, dry, and hot. Rattlesnakes, hogs, bobcats, and mountain lions were among the wildlife known to be in the vicinity. Officer Humphrey also testified that the stretch of Interstate 10 along which K.S. walked was dangerous. Police had recently found a decapitated body near where she was dropped off. In the previous five years, two hitchhikers had been accidentally killed on the interstate. K.S. testified that she was familiar with cattle and with the danger of rattlesnakes and that she was able to figure out roughly where she was when she got to Interstate 10, but no evidence was presented that she was familiar with the location in which she was released. Although K.S. generally was in good physical condition, she had been sexually assaulted only a few hours before and, upon her release, was emotionally distraught and continued to fear for her life.

Ample evidence supported the jury's finding that Lattimore did not release K.S. in a safe place. *See Woods v. State*, 301 S.W.3d 327, 332 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (complainant not released in safe place when released at 4:00 a.m. in a sparsely populated area that had been the site of criminal activity, with no other people present); *Harrell*, 65 S.W.3d at 773 (complainant not released in safe place when the area was sparsely populated, dimly lit, the home of a pack of wild dogs, and the site of numerous burglaries, two sexual assaults, and two homicides and when the time of release was early morning in winter); *Rodriguez v. State*, 766 S.W.2d 360, 361 (Tex. App—Texarkana 1989, pet. ref'd) (complainant who had been sexually assaulted was not released in a safe place when released during a winter night on a rural dirt road a few minutes walk from a gas station when it was not clear she would find aid in the vicinity). Lattimore's sole issue is overruled.

## IV. *Conclusion*

The judgment of the trial court is affirmed.

December 9, 2010                                              RICK STRANGE

Do not publish. *See* TEX. R. APP. P. 47.2(b).              JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.