Affirmed In Part, Reversed and Remanded In Part,
Judgment Reformed, Majority and Dissenting Opinions filed January 22, 2004.

 

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-02-01018-CR

____________

 

ELLSWORTH SWAINDELL STORR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 9th
District Court

Waller County, Texas

Trial Court Cause No. 98-02-9312

 



 

M A J O R I T Y  O P I
N I O N








Appellant Ellsworth Swaindell Storr challenges his sentence for aggravated kidnapping,
arguing he received ineffective assistance of counsel at the punishment phase
of trial.  Appellant asks this court to
reverse the trial court=s judgment as to punishment and
to remand this case to the trial court for another punishment proceeding.  Because appellant received ineffective
assistance of counsel at the punishment phase, we reverse and remand for a new
punishment hearing.  We also grant
appellant=s request that the trial court=s judgment, which incorrectly
states the appellant=s plea to the indictment was Aguilty,@ be reformed to correctly state
the appellant=s plea to the indictment was Anot guilty.@

Relevant Factual Background

Appellant and a companion kidnapped and robbed the
complainant, a college student.  The
complainant left his car running and entered a post office on the edge of the
university campus.  Once he was inside the
post office, a masked man held a gun to the complainant=s head, demanded his wallet,
and then ordered him to return to the complainant=s car.  After the complainant followed the order and
returned to his car, he found another masked man in the driver=s seat.  After forcing him into the car, the robbers
drove the complainant to a dark, isolated area, and threatened to kill him.

When another vehicle approached, appellant and his companion
forced the complainant into the trunk of the car.  While driving with the complainant in the
trunk, a police officer stopped the car for a traffic violation.  The complainant did not alert the police
officer to his presence because the robbers told him through the back seat of
the car that they would shoot him if he made any noise during the traffic
stop.  Thus, the complainant remained
silent, and shortly thereafter, the car began moving again.  The robbers stopped the car in another
isolated area and released the complainant from the trunk of the car.  At that point, the two robbers had removed
their masks.  They ordered the
complainant to get into the driver=s seat and to drive back to the
post office where they had abducted him. 
The robbers got out of the complainant=s car at the post office and
walked away from the vehicle.  Although
the robbers had ordered the complainant to remove his shoes earlier in the
evening, they left his shoes in the vehicle and took $20 from the complainant=s wallet, leaving the wallet in
the vehicle.








The complainant then drove to his dormitory.  The complainant told his roommate what had
happened to him, but his roommate responded he was going to sleep.  The complainant did not call anyone to report
what had happened because he saw, through his window, the two robbers outside
of his dormitory, sitting on a bench near a basketball court.  The next day, the complainant notified his
mother and the police of the events of the night before.

At trial, the complainant identified appellant as the robber
who demanded his wallet inside the post office. 
A jury found appellant guilty of aggravated kidnapping, and assessed
punishment at 35 years= confinement and imposed a
$10,000 fine.

                                                  Issue Presented

In his sole issue, appellant argues his trial counsel
rendered ineffective assistance at the punishment phase of trial because he did
not obtain a jury instruction on voluntary release in a safe place under
section 20.04(d) of the Texas Penal Code. 
See Tex. Pen. Code Ann.
' 20.04(d) (Vernon Supp. 2000).

Analysis

Section 20.04 of the Texas Penal Code defines the elements
of the offense of aggravated kidnapping and specifies that an offense under
section 20.04 is a felony of the first degree. 
Section 20.04 further provides, however, that if, at the punishment
stage, a defendant raises the issue of voluntary release of the victim and
proves it by a preponderance of the evidence, the offense is a felony of the
second degree.  In its entirety, section
20.04(d) of the Texas Penal Code states:

(d) At the punishment stage of a
trial, the defendant may raise the issue as to whether he voluntarily released
the victim in a safe place.  If the
defendant proves the issue in the affirmative by a preponderance of the
evidence, the offense is a felony of the second degree. 








Tex. Pen. Code Ann. ' 20.04(d).[1]  This provision allows a defendant who has
been convicted of aggravated kidnapping to mitigate punishment, if he can prove
by a preponderance of the evidence that he voluntarily released the victim in a
safe place.  See Posey v. State,
966 S.W.2d 57, 62B63 (Tex. Crim.
App. 1998).  The determination of Asafe place@ includes consideration of
factors such as (1) remoteness of the location, (2) proximity of authorities or
persons who could aid or assist, (3) the time of day, (4) climatic conditions,
(5) condition of the victim, (6) character of the location or surrounding
neighborhood, and (7) the victim=s familiarity with the location
or surrounding neighborhood.  Lavarry v. State, 936 S.W.2d 690, 696 (Tex.
App.CDallas 1996, pet. dism=d).  The Court of Criminal Appeals recently
adopted a narrow interpretation of the term Avoluntary@Cas used in section 20.04(d)CAsuch as the absence of >rescue by the police [or
others] or escape by the [kidnap] victim.=@  Brown v. State, 98 S.W.3d 180, 188
(Tex. Crim. App. 2003) (quoting Comments to Model
Penal Code, ' 212.1, at 223B34).








A first degree felony is punishable by life imprisonment or
a term of imprisonment of 5 to 99 years. 
See Tex. Pen. Code Ann.
' 12.32(a) (Vernon Supp.
2000).  A second degree felony is
punishable by a term of imprisonment of 2 to 20 years.  See id. ' 12.33(a).  An individual convicted of a first or second
degree felony may also be punished by a fine not to exceed $10,000, in addition
to imprisonment.  See id. '' 12.32(b), 12.33(b).  Notwithstanding the punishment ranges
applicable to first and second degree felonies, if a jury assesses punishment
at a term of imprisonment not exceeding 10 years, and the defendant has not
previously been convicted of a felony in Texas or any other state, the jury may
recommend that the defendant be placed on community supervision instead of
serving the prison sentence.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 4(a)-(e) (Vernon Supp.
2003).  If the jury recommends community
supervision under this provision, the trial court must sentence the defendant
accordingly.  See id.  In this case, because of the absence of an
affirmative finding of safe release, appellant was convicted of a first degree
felony, which is punishable by life imprisonment or a term of imprisonment of 5
to 99 years.  Appellant was sentenced to
35 years= imprisonment, 15 years more
than the maximum imprisonment range for a second degree felony.

Appellant maintains his trial counsel rendered ineffective
assistance at the punishment phase of trial because counsel did not obtain a
jury instruction on mitigation of punishment under section 20.04(d) of the
Penal Code.  Both the United States and
Texas Constitutions guarantee an accused the right to assistance of
counsel.  U.S. Const. amend. VI; Tex.
Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  This right necessarily includes the right to
reasonably effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 686 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To
prove ineffective assistance of counsel, appellant must show that (1) trial
counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) the result of the proceeding would have been different but for trial
counsel=s deficient performance.[2]  Strickland, 466 U.S. at 688B92.  Moreover, appellant bears the burden of
proving his claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).








A single error of omission can constitute ineffective
assistance of counsel.  See Howard v.
State, 972 S.W.2d 121, 129 (Tex. App.CAustin 1998, no pet.).  In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  Ordinarily, appellant has the burden to rebut
this presumption by presenting evidence illustrating why trial counsel did what
he did.  See id.

The Court of Criminal Appeals has often repeated the refrain
that, in the absence of a record explaining why trial counsel took or failed to
take certain actions, reviewing courts most likely cannot conclude that an
appellant has established his or her trial counsel=s performance fell below an
objective standard of reasonableness.  See,
e.g., Rylander v. State, 101 S.W.3d
107, 111 (Tex. Crim. App. 2003); see also Bone v.
State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2003)
(AWe are once again asked whether
an appellate court may reverse a conviction on ineffective assistance of
counsel grounds when counsel=s actions or omissions may
have been based on tactical decisions, but the record contains no specific
explanation for counsel=s decisions.  Once again we answer that question >no=.@) (emphasis added); Mallett v. State, 65 S.W.3d 59, 63B64 (Tex. Crim.
App. 2001) (AWhen the record is silent on
the motivations underlying counsel=s tactical decisions, the
appellant usually cannot overcome the strong presumption that counsel=s conduct was reasonable.@) (emphasis added).  There is a well-founded concern underlying
that ruleCmost often, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind
trial counsel=s action.  See Rylander,
101 S.W.3d at 111.  Nor should appellate
courts second guess trial counsel=s strategy in hindsight.  See, e.g., Miniel
v. State, 831 S.W.2d 310, 323 (Tex. Crim. App.
1992)  (AA fair assessment of attorney
performance requires that every effort be made to eliminate the distorting
effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to
evaluate the conduct from counsel=s perspective at the time.@).








Nonetheless, the Court of Criminal Appeals has conceded that
some errors are so egregious or outrageous, they cannot be the product of any
reasonable trial strategy.  This is
evidenced by the court=s careful use of qualifying
language in many of its recent opinions. 
See, e.g., Bone, 77 S.W.3d at 833 (AUnder normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s representation was so deficient
and so lacking in tactical or strategic decisionmaking
as to overcome the presumption . . . . [R]arely
will the trial record contain sufficient information to permit a reviewing
court to fairly evaluate the merits of such a serious allegation . . . .@) (emphasis added); Mallett, 65 S.W.3d at 63 (AWhen the record is silent . .
.  the appellant usually cannot
overcome the strong presumption that counsel=s conduct was reasonable. . .
.  Again, when the record is silent as to
why counsel failed to object, it is difficult for a defendant to
overcome the first prong of Strickland.@) (emphasis added); Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001) (A[I]n the absence of evidence of
counsel=s reasons for the challenged
conduct, an appellate court >commonly will assume a
strategic motivation if any can possibly be imagined,= and will not conclude the
challenged conduct constituted deficient performance unless the conduct was
so outrageous that no competent attorney would have engaged in it.@) (citations omitted) (emphasis
added); Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000) (A[I]n the rare case where the
record on direct appeal is sufficient to prove that counsel=s performance was deficient, an
appellate court should obviously address the claim in the first instance.@); Thompson v. State, 9
S.W.3d 808, 814 n.6 (Tex. Crim. App. 1999) (AThis opinion should not be read
as a declaration that no claim of ineffective assistance of counsel can be
brought on direct appeal.  However, in
the vast majority of cases, the undeveloped record on direct appeal will be
insufficient for an appellant to satisfy the dual prongs of Strickland.@).[3]  The recognition of some exceptional cases is
consistent with Supreme Court authority. 
See generally Massaro v. United States,
538 U.S. 500, ___, 123 S. Ct. 1690, 1696, 155 L.Ed.2d 714 (2003) (AThere may be cases in which
trial counsel=s ineffectiveness is so
apparent from the record that appellate counsel will consider it advisable to
raise the issue on direct appeal.  There
may be instances, too, when obvious deficiencies in representation will be
addressed by an appellate court sua sponte.@).













It is noteworthy that several courts of appeals have
addressed claims of ineffective assistance of counsel based on trial counsel=s failure to obtain a jury
instruction on mitigation of punishment for voluntary release in a safe
place.  In all but one of those cases,
the courts concluded that there was no evidence of safe release, and for that reason,
the courts were able to summarily conclude the appellants could not prove
counsel was deficient under the first prong of Strickland.  See Turner v. State, No. 02-02-285-CR,
2003 WL 22253843, at *3 (Tex. App.CFort Worth Oct. 2, 2003, no.
pet.) (not designated for publication) (concluding trial counsel=s failure to request safe
release instruction was not error when victim was shoved from moving car); Perl v. State, No. 08-02-00047-CR, 2003 WL
2006822, at *4 (Tex. App.CEl Paso May 1, 2003, pet. ref=d) (not designated for
publication) (concluding trial counsel was not deficient in seeking instruction
on safe release because the record did not indicate whether release of victim
to police surrounding appellant=s house was voluntary); Hernandez
v. State, 28 S.W.3d 660, 668 (Tex. App.CCorpus Christi 2000, pet. ref=d) (finding that safe release
instruction was not warranted because victims were not released in safe place;
four victims were left in deserted field, of whom one was left naked and
bleeding, one was left bleeding, and one was chased by appellant with machete,
and fifth victim was left alone late at night in a parking lot hemorrhaging
from injuries inflicted by appellant); Oestrick
v. State, 939 S.W.2d 232, 239 (Tex. App.CAustin 1997, pet. ref=d) (finding that appellant=s release of victim after being
confronted by police was not voluntary, and thus, his trial counsel=s failure to request
instruction on voluntary release was not ineffective assistance).  Only the First Court of Appeals has refused
to address the merits of such a claim because there was no explanation for
trial counsel=s omission in the record
below.  See Nail v. State, No.
01-98-00509-CR, 1999 WL 1063434, at *2 (Tex. App.CHouston [1st Dist.] Nov. 24,
1999, pet. ref=d) (not designated for
publication) (overruling point of error that trial counsel was ineffective by
failing to request jury instruction on safe release when appellant did not file
motion for new trial, and record was silent as to counsel=s reasons for his
actions).  Furthermore, the Court of
Criminal Appeals has held, as the basis for habeas corpus relief, that counsel=s failure to advance the
affirmative defense of voluntary release of a victim in a safe place at a
defendant=s punishment hearing was
ineffective assistance of counsel.  See
Ex parte Ballard, No. 74823, 2003 WL 22508414, at
*1 (Tex. Crim. App. Nov. 5, 2003).

This case is unique because the evidence conclusively
establishes that appellant voluntarily released the complainant in a safe
place.  The complainant was left in his
car at the post office near the universityCthe exact location where he, in
fact, had been abducted.  Appellant and
his companion were not coerced by police or others into releasing the
complainant, and there was no potential for the complainant to be caught in a
police crossfire.  The complainant was
not left in an unsafe area or forced out of a moving vehicle.  Nor was the complainant injured or left in a
situation where he could easily be injured and unable to get assistance.  He, in fact, left the post office, drove to
his dormitory, went to his room, told his roommate what happened, and waited until
the next day to report the matter to the police and notify his family.  See Harrell v. State, 65 S.W.3d 768,
772B73 (Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d) (listing factors relevant to
Asafe release@ determination).  The fact that the complainant believed he was
unsafe in his dorm room is not the overriding factor.  See Lavarry,
936 S.W.2d at 697 (A[T]he victim=s feelings of safety may be a
factor in determining the safety of a place, but in no case has it converted an
otherwise safe place (like a victim=s home or operable car) into an
unsafe place.@).

Yet, appellant=s trial counsel both failed to
obtain a jury instruction on mitigation of punishment for voluntary release in
a safe place and to object to the trial court=s charge for failure to include
such an instruction.  Under the first
prong of Strickland, trial counsel=s performance must meet an Aobjective standard of
reasonableness.@  466 U.S. 668, 688 (1984).  A finding by the jury that appellant safely
released complainant would have resulted in a conviction of a second degree
felony.  Because of the significant
difference in punishment, it is inconceivable that appellant=s counsel would have had some
trial strategy for not requesting an instruction on safe release.








This case is a rare instance when there is no trial strategy
that can explain the failure of appellant=s trial counsel to request a
safe release instruction.  Despite the
court=s instruction in Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001),
we cannot possibly imagine a strategic motivation for the failure of appellant=s counsel to secure a jury
instruction on mitigation for voluntary release of the complainant in a safe
place.  In any event, this court should
not have to stretch to find a plausible trial strategy in a case such as this.  As Justice Meyers said in his dissenting
opinion in Rylander v. State,

Under Strickland, a defendant
must prove that there is no plausible professional reason for a specific act or
omission.  If there is no viable reason
for counsel=s trial conduct then why should we
allow the opportunity to explain?  The
first prong of Strickland requires the defendant to demonstrate that
trial counsel=s performance fell below an objective
standard of reasonableness.  However, if
the counsel=s errors were so obviously
unprofessional then there should be no need for an explanation of his
subjective intent. . . .  [W]hen the
error is blatant and there is no possible trial strategy that could explain counsel=s conduct then we don=t need to know his subjective intent
and there is no need for information outside the record.

101 S.W.3d at 111 (Meyers, J., dissenting).

In the absence of a safe release finding, which was mandated
by the evidence, appellant was clearly prejudiced because of the significant
length of his punishmentC15 years more than the maximum
imprisonment range for a second degree felony. 
This case is somewhat analogous to Vasquez v. State, 830 S.W.2d
948 (Tex. Crim. App. 1992), in which the Court of
Criminal Appeals concluded Awithout hesitation@ that the failure to seek an
instruction on necessity was not Aacceptable trial strategy . . .
.@  Id. at 950 n.3.  In Vasquez, the appellant was
convicted of the offense of possession of a firearm by a felon.  Id. at 949.  Appellant admitted to the offense, but his
testimony reflected that the justification defense of necessity was
appropriate, and necessity, in fact, was the only defense raised by the
evidence.  Id. at 950B51.  Yet, his trial counsel did not request a
special instruction on necessity or object to the court=s charge.  In light of these facts, the court concluded
the appellant=s trial counsel was Aclearly deficient.@  Id.








A defense may be recognized by two ways:
by the legislature, or by the courts. 
Since the necessity defense is specifically recognized by the
legislature in the Penal Code, we find that counsel=s performance did not satisfy the >objective standard of reasonableness
under prevailing professional norms.= 
Although the trial court=s rulings barred the presentation of
other evidence to corroborate appellant=s version of the facts, appellant=s testimony sufficiently raised the
necessity defense.

We distinguish affirmatively Aurging@ a defense from simply recognizing
that a defense has been raised by the evidence. 
Counsel should have recognized that appellant=s testimony was sufficient to raise
the defense, and that appellant had nothing to lose by requesting a defensive
instruction.  Without giving the jury an
opportunity to consider a defense, conviction was . . . Aa foregone conclusion. . . .@

Id.
(citation omitted); see also Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (explaining that counsel in Vasquez
was ineffective in not seeking necessity instruction because it was the only
defense available to the defendant and the only defense presented at trial; Ait is not reasonable to fail to
request an instruction on the only defense presented at trial@).








In this case, appellant did not confess to the charged
offense; his counsel attempted to show misidentification.  Nonetheless, the only mitigating defense
raised by the evidence was voluntary release of the complainant in a safe
place.  In fact, based on the record
below, this court would have determined there was conclusive evidence that the
complainant was voluntarily released in a safe place.  See, e.g., Patterson v. State,
Nos. 01-00-01148-CR, 01-00B01149, CR, 121 S.W.3d 22, __,
2003 WL 21404560, at *3 (Tex. App.CHouston [1st Dist.] June 19,
2003, no pet.) (holding, in light of Court of Criminal Appeals= opinion in Patterson v.
State, 99 S.W.3d 625 (Tex. Crim. App. 2003), that
appellant voluntarily released children in a safe place as a matter of law; he
released children to mother in her car and made her promise not to call the
police).  Although the Court of Criminal
Appeals has recently construed its holding in Vasquez somewhat narrowly,
see Young, 991 S.W.2d at 839, and this case involves trial
counsel=s failure to seek an
instruction that would have mitigated punishment, as opposed to trial counsel=s failure to assert the
justification defense of necessity, we find the reasoning of Vasquez is
applicable here.  Thus, we find the
failure to secure a safe release instruction under the facts of this case was
not an acceptable trial strategy. 
Accordingly, appellant has satisfied both prongs of Strickland.

We therefore sustain appellant=s sole issue, reverse his sentence,
and remand this matter to the trial court for a new punishment hearing.  We also grant appellant=s request that the trial court=s judgment (AJudgment Of Conviction by Jury;
Sentence By Jury To Institutional Division, TDCJ@) be reformed to correctly reflect
that he pleaded Anot guilty@ to the indictment, instead of Aguilty,@ as is currently reflected in the
judgment.  When a court of appeals has
the necessary data and evidence before it for reformation, an erroneous
judgment may be reformed on appeal.  See
Nicholas v. State, 56 S.W.3d 760, 767 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (citations omitted).  Accordingly, we modify the trial court=s judgment to read that the appellant
entered a plea of Anot guilty.@[4]

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed January 22, 2004.

Panel
consists of Justices Yates, Hudson, and Frost. 
(Frost, J., dissenting.)

Publish C Tex. R. App. P. 47.2(b).

 











[1]  Subsection (d)
was formerly subsection (c) of section 20.04 of the Texas Penal Code, which
became effective on September 1, 1994. 
Prior to September 1, 1994, subsection (b) of section 20.04 read as
follows: AAn offense under this section is a felony of the first
degree unless the actor voluntarily releases the victim alive and in a safe
place, in which event it is a felony of the second degree.@  Under that
provision, the State bore the burden of proving that any release was not
voluntary or that it was not in a safe place. 
Effective September 1, 1994, the defendant bears the burden of proof on
the issue.  See Teer
v. State, 895 S.W.2d 845, 848 n.1 9 (Tex. App.CWaco 1995), pet. dism=d per curiam, 923 S.W.2d 11 (1996).  Prior to the amendment, a trial court=s failure to instruct the jury on the defensive issue
was error even if the defendant did not object to the absence of the
instruction in the charge.  See
Williams v. State, 851 S.W.2d 284, 287 (Tex. Crim.
App. 1993).





[2]  Both prongs of
the Strickland standard apply to claims that counsel was ineffective at
the punishment phase of a noncapital trial.  See Hernandez v. State, 988 S.W.2d
770, 771 (Tex. Crim. App. 1999).





[3]  See also Velasquez v. State, No. 14-01-00391-CR, 2002 WL
31740529, at *3 (Tex. App.CHouston [14th Dist.] April 25, 2002,
no. pet.) (not designated for publication) (ANevertheless, an exception to Strickland=s presumption of strategy exists when
the record clearly confirms no reasonable trial counsel would have engaged in
the complained of conduct or omission.@) (citations omitted).





[4]  In its
appellate brief, the State did not respond or otherwise object to appellant=s request for the trial court=s judgment to be reformed.