Affirmed
and Opinion filed September 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00178-CR

____________

 

KENNETH DESHUN WOODS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
Judicial District Court

Galveston County, Texas

Trial Court Cause No. 06CR1999

 



 

O P I N I O N

A jury found appellant, Kenneth Deshun
Woods, guilty of aggravated kidnapping and assessed punishment at 40 years in
prison.  On appeal, he challenges (1) the legal and factual sufficiency of the
evidence to support the jury=s finding that he did not voluntarily
release the complainant in a safe place, (2) the trial court=s exclusion of
polygraph evidence and evidence of the complainant=s sexual history,
and (3) the trial court=s denial of his Batson challenge. 
We affirm.

 








I. BACKGROUND

On the night of May 26, 2006, and into the
early morning hours of May 27, 2006, appellant, a police officer for the
Galveston Police Department, was working ferry detail with a fellow officer. 
While on ferry duty, appellant patrolled the Galveston East Beach area, and at
some point during his patrol, he made contact with the complainant.  It is
undisputed that appellant subsequently drove the complainant to another area on
the beach, and there, the complainant performed a sexual act on appellant  The
complainant, however, alleged that appellant forced her into his patrol unit
and ordered her to perform a sexual act, while appellant contends that the
complainant voluntarily entered his patrol unit and voluntarily performed the
sexual act. 

At trial, the complainant testified as
follows:  she was on Galveston beach after having argued with her boyfriend. 
Sometime after 3:00 a.m., appellant approached her vehicle,  illuminated his
patrol light at her truck, and ordered her out of the vehicle.  She complied, and
appellant searched her vehicle and her person.  After appellant conducted the
searches, he ordered her into the backseat of his patrol unit and drove her to
an area concealed by bushes and other shrubbery.  At the concealed location,
appellant ordered her out of the patrol unit, told her to remove her clothing,
and demanded sex and oral sex.  The complainant testified that she briefly
performed oral sex on appellant and then, by hand, caused appellant to
ejaculate.  After the complainant performed these sexual acts on appellant, he
drove her back to her vehicle and then left the area in his patrol unit.   








Appellant strongly disputed the
complainant=s version of events.  At trial, appellant testified that
while he was patrolling in the Galveston East Beach area, the complainant
called out to him and told him that she wanted to get back at her boyfriend. 
The complainant offered him sex, and she voluntarily entered his patrol unit. 
He and the complainant drove to the location identified by the complainant, and
the complainant volunteered to give him a Ahand job.@  Following the
performance of the sexual act on appellant, he drove the complainant back to
her vehicle.  Appellant testified that he did not threaten the complainant and
that she appeared to be calm during and after the sexual act.

After the complainant returned to her
vehicle, she sought help.  Although the immediate area was unpopulated, the
complainant eventually found someone willing to help, and she called 911. 
Appellant was subsequently charged by felony indictment with the aggravated
kidnapping of the complainant.  The indictment alleged that appellant, with the
intent to sexually abuse the complainant, restricted her movements without
consent by secreting or holding the complainant in a place where she was not
likely to be found.  Appellant pleaded not guilty to the indictment, and the
case was tried to a jury.  The jury ultimately found appellant guilty of
aggravated kidnapping as alleged in the indictment.  At punishment, a special
issue was submitted to the jury as to whether appellant voluntarily released
the complainant in a safe place.  The jury found that appellant did not
voluntarily release the complainant in a safe place and sentenced him to 40
years in prison. 

On appeal, appellant raises four issues,
contending that: (1) the evidence is legally and factually insufficient to
support the jury=s finding that appellant did not
voluntarily release the complainant in a safe place; (2) the trial court erred
by excluding polygraph evidence and evidence of the complainant=s sexual history;
and (3) the trial court erroneously denied his Batson challenge. 

II.  SUFFICIENCY OF THE EVIDENCE








In his first issue, appellant argues that
the evidence is legally and factually insufficient to support the jury=s negative finding
on the special issue of voluntary release in a safe place.  A person commits
aggravated kidnapping if he intentionally or knowingly abducts another person
with the intent to facilitate the commission of a felony, inflict bodily
injury, or violate or abuse the victim sexually.  Tex. Penal Code ' 20.04(a). 
Aggravated kidnapping is generally a first-degree felony, punishable by a term
of imprisonment for 5-99 years, or life.  Id. '' 20.04(c),
12.32(a).  However, A[a]t the punishment stage of trial, the
defendant may raise the issue as to whether he voluntarily released the victim
in a safe place.  If the defendant proves the issue in the affirmative by a
preponderance of the evidence, the offense is a felony of the second degree.@  Id. ' 20.04(c)-(d).  A
second-degree felony is punishable by a term of imprisonment for 2-20 years.  Id.
' 12.33(a).  In
this case, the jury found that appellant did not voluntarily release the
complainant in a safe place and sentenced appellant to 40 years in prison. 
Challenging the jury=s voluntary-release finding, appellant
contends that because there is sufficient evidence to support the mitigating
factor that he voluntarily released the complainant in a safe place, punishment
should have been assessed between 2 and 20 years, the second-degree felony
punishment range.

As a threshold matter for review, appellant contends that
once he introduced some evidence of voluntary release in a safe place, the
burden of persuasion then shifted to the State Ato convince the fact finder that the
place where the accused left his victim was not safe.@  Appellant is incorrect.  The plain
language of the statute places the burden of proof on the accused.  Id. ' 20.04(d) (AAt . . . punishment . . . , the
defendant may raise the issue as to whether he voluntarily released the victim
in a safe place.  If the defendant proves the issue in the affirmative by a
preponderance of the evidence, the offense is a felony of the second degree.@).  Furthermore, this court has held that
the defendant, indeed, has the burden of proof to show voluntary release in a
safe place.  See Nolan v. State, 102 S.W.3d 231, 236B37 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  








In reviewing the legal sufficiency of the
evidence to support a negative finding on an issue for which the defendant has
the burden of proof, the proper standard of review involves two steps.  First,
we must examine the record for evidence that supports the negative finding
while ignoring all evidence to the contrary.  Velazquez v. State, 222
S.W.3d 551, 554 (Tex. App.CHouston [14th Dist.] 2007, no pet.). 
Second, if no evidence supports the negative finding, we must examine the
entire record to determine whether it establishes the contrary proposition as a
matter of law.  Id.; Nolan, 102 S.W.3d at 238.  In conducting a
factual-sufficiency review of the jury=s determination,
we assess whether, after considering all the evidence relevant to the issue at
hand, the jury=s finding is so against the great weight and
preponderance of the evidence so as to be manifestly unjust.  Meraz v. State,
785 S.W.2d 146, 154B55 (Tex. Crim. App. 1990); Harrell v.
State, 65 S.W.3d 768, 772 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 

To constitute a voluntary release in a
safe place, Athe release must have occurred in a place and manner
which realistically conveyed [to the complainant] that she was then freed from
captivity and in circumstances and surroundings wherein aid was readily
available.@  Harrell, 65 S.W.3d at 772. We consider the
following factors in reviewing a voluntary-release finding: (1) the remoteness
of the location; (2) the proximity of authorities or persons who could aid or
assist; (3) the time of day; (4) climatic conditions; (5) the condition of the
victim; (6) the character of the location or surrounding neighborhood; and (7)
the victim=s familiarity with the location or surrounding
neighborhood.  Id. at 772B73 (citing Lavarry
v. State, 936 S.W.2d 690, 696 (Tex. App.CDallas 1996, pet.
dism=d)).








In support of his safe-release argument,
appellant cites to evidence that: (1) he voluntarily released the complainant
by unlocking his car door; (2) he released the complainant in a safe public
place frequented by the complainant and others, and (3) he released the
complainant near her operable vehicle.  We disagree, finding ample evidence to
support the jury=s finding that the complainant was not
released in a safe place.  The record reflects that at the time
of the offense and release, the location of release was sparsely populated,
dark, and had been the site of criminal activity.  Specifically, Captain Walter
Braun of the Galveston Police Department described the site of release as dark
and remote, while another witness, Sofronia Pittman, testified that the site
was one in which a number of women had died.  The complainant also testified
that at her time of release, approximately 4:00 a.m., before daylight, there
were no people around to aid or assist her.  She also testified that she was in
a state of hysteria and fear upon her release.  From this evidence, the jury
could have reasonably concluded that appellant did not leave the complainant in
a safe place.  Harrell, 65 S.W.3d at 772B73.  Accordingly,
we conclude that appellant neither proved as a matter of law that he released
the complainant in a safe place, nor established that the jury=s finding was
manifestly unjust.[1] 
We overrule appellant=s first issue.  

III.  EVIDENTIARY EXCLUSIONS

In his second and fourth issues, appellant challenges the
trial court=s evidentiary rulings excluding polygraph evidence and evidence of the
complainant=s sexual history.  The admission of evidence is within the discretion of the
trial court, and the trial court will not be reversed absent an abuse of
discretion.  Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); 
Osbourn v. State, 92 S.W.3d 531, 537B38 (Tex. Crim.
App. 2002); Burton v. State, 230 S.W.3d 846, 849 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  A trial court does not abuse its discretion if its
evidentiary ruling was within the Azone of reasonable
disagreement,@ and was correct under any legal theory applicable to
the case.  Winegarner v. State, 235 S.W.3d 787, 790 (Tex. Crim. App.
2007); Bargas v. State, 252 S.W.3d 876, 889B90 (Tex. App.BHouston [14th
Dist.] 2008, no pet.).  Because the trial court is usually in the best position
to decide whether evidence should be admitted or excluded, we must uphold its
ruling unless its determination was so clearly wrong as to lie outside the zone
within which reasonable persons might disagree.  See Winegarner, 235
S.W.3d at 790 (quoting Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997)); see also Hartis v. State, 183 S.W.3d 793, 801B02 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).

 








A.  Polygraph Evidence

In his second issue, appellant contends
that the trial court erred in excluding polygraph evidence as rebuttal evidence
because the exclusion violated his constitutional rights under the Fifth,
Sixth, and Fourteenth Amendments of the United States Constitution.  The Texas
Court of Criminal Appeals has long held that polygraph evidence is
inadmissible for all purposes.  Tennard v. State, 802 S.W.2d 678, 683
(Tex. Crim. App. 1990).  However, citing to a decision by the United States
Court of Appeals for the Fifth Circuit, appellant invites us to reconsider this
issue and deem polygraph evidence admissible for purposes of assessing
credibility.  See United States v. Allard, 464 F.3d 529, 532B35 (5th Cir.
2006).  








In Allard, the Fifth Circuit
concluded that polygraph evidence was properly admitted as evidence that the
accused=s confession was
voluntary.  Id. at 534B35.  The Fifth Circuit did not generally
conclude that polygraph evidence was admissible, but narrowly reasoned that
because the evidence was admitted for the limited purpose of determining the
voluntariness of a confession, not for scientific purposes, its admission
neither violated evidence rule 702 nor the reliability requirements mandated
under Daubert.  Id.  Although a number of federal circuit courts,
including the Fifth Circuit, have held that polygraph evidence is admissible in
the very limited context of rebutting an accused=s assertion that
his confession was coerced, the Court of Criminal Appeals has determined that
polygraph evidence is generally inadmissible in a Texas criminal proceeding.  Nesbit
v. State, 227 S.W.3d 64, 66 n.4 (Tex. Crim. App. 2007) (ANeither the
results of a polygraph test nor the >fact= of failing a
polygraph test are admissible in a Texas criminal proceeding.@); Tennard,
802 S.W.2d at 683 (AThe existence and results of a polygraph
examination are inadmissible for all purposes.@); Nethery v.
State, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985) (AIt has long been
the rule in this State that the results of a polygraph test are inadmissible for
all purposes.@); Robinson v. State, 550 S.W.2d
54, 59 (Tex. Crim. App. 1977) (AIt has been the consistent holding of this
Court that evidence of the results of a lie detector or polygraph is not
admissible on behalf of either the State or the defendant.@); Jasso v.
State, 112 S.W.3d 805, 813 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d) (A[T]he existence
and results of polygraph examinations are inadmissible for any purpose in a
criminal proceeding . . . .@). 

In this case, appellant sought to
introduce evidence that he had in fact taken a polygraph examination to
establish that he had cooperated with law enforcement during the criminal
investigation.  Appellant also sought to introduce the results of the polygraph
for credibility purposes.  Because the Court of Criminal Appeals has determined
that polygraph evidence is inadmissible for the purposes in which appellant
sought to introduce the evidence, we conclude that the trial court did not
abuse its discretion in excluding the polygraph evidence.  See Nesbit,
227 S.W.3d at 66 n.4; Tennard, 802 S.W.2d at 683; Nethery, 692
S.W.2d at 700; Robinson, 550 S.W.2d at 59.  We overrule appellant=s second issue.

B.  Complainant=s Sexual History

In appellant=s fourth issue, he
challenges the trial court=s exclusion of the complainant=s
extraneous-sexual acts.  At trial, appellant sought to introduce evidence that
the complainant had previously been sexually assaulted and had received
counseling.  Appellant argues that this extraneous-acts evidence regarding the
complainant was admissible because: (1) evidence rule 412, commonly referred to
as Rape Shield, did not apply to bar the admission of the complainant=s sexual history
and (2) the evidence was relevant on the issue of consent and to show both the
complainant=s and appellant=s mental state at
the time of the offense.  








Appellant first argues that rule 412,
which prohibits the admission of a victim=s sexual history,
applies only to sexual assault cases.  He contends that because he was charged
with aggravated kidnapping, not sexual assault, the trial court erroneously
excluded the complainant=s sexual history under evidence rule 412. 
Although the primary offense charged against appellant was aggravated
kidnapping, the underlying offense supporting the primary offense was sexual
assault.  Specifically, the indictment alleged that appellant, Awith the intent to
violate or abuse [the complainant] sexually,@ abducted her by
restricting her movements without consent.  The Court of Criminal Appeals has
applied rule 412 in the limited context where an underlying sexual assault
offense predicates a non-sexual assault charge.  See Boyd  v. State, 820
S.W.2d 122, 145B149 (Tex. Crim. App. 1989), overruled
on other grounds by Gordon v. State, 801 S.W.2d 899, 911 n.13 (Tex.
Crim. App. 1990).  

In Boyd, the defendant was charged
with two counts of capital murder, predicated on two underlying offenses of
kidnapping and sexual assault: the indictment alleged that the defendant
committed murder Ain the course of aggravated sexual
assault, and murder in the course of kidnapping.@  Id. at
145B46.  At his murder
trial, the trial court excluded the defendant=s proferred
evidence of the victim=s sexual history.  Id. at 145.  On
appeal, the Court of Criminal Appeals applied rule 412 to affirm the trial
court=s exclusion of the
victim=s sexual history. 
The Court of Criminal Appeals first acknowledged that rule 412 was applicable
and then analyzed the admissibility issue under subsection (b).  Id. at
146B47.  The Boyle
Court ultimately concluded that evidence of the victim=s sexual history
was inadmissible under rule 412 and affirmed the trial court=s ruling excluding
the evidence. Following Boyle, we apply rule 412 in the limited context
where an underlying sexual assault offense predicates a non-sexual assault
charge.  Because the underlying offense in the instant case was sexual assault,
we apply rule 412 in determining the admissibility of the complainant=s prior sexual
assault and of counseling she had received relating to the prior assault.  See
Boyle, 820 S.W.2d at 146B49.








Evidence rule 412 prohibits the admission
of evidence of a victim=s previous sexual conduct unless it falls
within five exceptions:  (1) it is necessary to rebut or explain scientific or
medical evidence offered by the State; (2) it concerns past sexual behavior
with the accused and is offered by the accused upon the issue of whether the
alleged victim consented to the sexual behavior which is the basis of the
offense charged; (3) it relates to the motive or bias of the alleged victim;
(4) it is admissible under rule 609; or (5) it is constitutionally required to
be admitted.  Tex. R. Evid. 412 (b)(2).  Furthermore, the probative value must
outweigh the danger of unfair prejudice.  Tex. R. Evid. 412(b)(3).  We conclude
that the complainant=s previous sexual assault does not fit
within any of the enumerated exceptions.  The prior assault was not necessary
to rebut scientific or medical evidence offered by the State.  The prior sexual
assault did not involve appellant, and appellant has failed to show in what way
the previous assault shows the complainant=s motive or bias,
if any.  Additionally, the previous sexual assault was neither admissible under
rule 609 nor constitutionally required to be admitted.  Because the prior
assault was not probative of a material fact, we find that the probative value,
if any, is substantially outweighed by its prejudicial effect.  See Tex.
R. Evid. 412(b)(3).  Accordingly, extraneous evidence of the complainant=s previous sexual
assault and counseling therefrom was inadmissible under rule 412.     

Furthermore, even if rule 412 was not
applicable, we must affirm the trial court=s evidentiary
ruling if it is supported under any theory of law.  See Winegarner,
235 S.W.3d at 790; Bargas, 252 S.W.3d at 889B90.  We conclude
that the complainant=s sexual history was inadmissible under
evidence rules 401 and 403.  Generally, only relevant evidence is admissible.  Moses,
105 S.W.3d at 626; Salazar v. State, 127 S.W.3d 355, 365 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  A>Relevant evidence= means evidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.@  Tex. R. Evid. 401.  Appellant claims
that the extraneous evidence was relevant on the issue of consent and would
have shown the complainant=s and appellant=s mental state. 
However, there is nothing in the record before us reflecting that the prior
sexual assault made the complainant=s lack of consent
more or less probable.  There is no evidence that the prior assault was similar
or related to the instant crime warranting admissibility.  Appellant cites to
no evidence that connects the prior sexual assault to the charged offense. 
Accordingly, the challenged evidence fails to have any probative value. 








Moreover, the probative value, if any, is
substantially outweighed by its prejudicial effect.  See Tex. R. Evid.
403.  In determining whether the prejudicial effect of evidence substantially
outweighs its probative value under rule 403, we consider (1) how compellingly
evidence of the extraneous act serves to make a fact of consequence more or
less probable; (2) the extraneous act=s potential to
impress the jury in some irrational but indelible way; (3) the trial time that
the proponent will require to develop evidence of the extraneous misconduct;
and (4) the proponent=s need for the extraneous transaction
evidence.  Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). 
As explained above, the complainant=s extraneous acts
were not compelling evidence to make a fact of consequence more or less
probable and had the potential to impress the jury in a irrational and
indelible way.  Additionally, appellant cites to little, if any, reasonable
need for the evidence.  Weighing the relevant factors, we hold that the
probative value of the evidence, if any, of the complainant=s sexual history
and counseling was substantially outweighed by the prejudicial effect of the
evidence.  See Tex. R. Evid. 403.  

We overrule appellant=s fourth issue.

IV.  BATSON CHALLENGE

In his third issue, appellant posits the following question: AWhether a court is
required to conduct a Batson analysis when it is the defense counsel who
uses the peremptory challenge in an impermissibly discriminatory way[?]@  In short,
appellant challenges defense counsel=s use of a
peremptory strike on the last African-American venireperson.  








During voir dire in the underlying
proceedings, venireperson number 7, an African-American male, expressed a
strong reluctance to consider probation at sentencing.  The State moved to
strike venireperson number 7 for cause, defense counsel agreed with the State=s challenge, and
venireperson number 7 was struck for cause.  Subsequently, defense counsel
raised a challenge for cause as to venireperson number 30, an African-American
female.  Defense counsel argued that venireperson number 30 displayed a bias
arising from her previously being molested.  After the trial court denied
appellant=s challenge for cause, defense counsel used a
peremptory strike to eliminate venireperson number 30. 

Before the trial court swore in the jury,
defense counsel asserted a challenge to the State=s alleged
peremptory strike of venireperson number 7.  The State first reminded defense
counsel that venireperson number 7 was struck for cause, not as a peremptory
strike, because venireperson number 7 refused to consider probation at
sentencing.  The State also reminded defense counsel that he had agreed to
strike venireperson number 7 for cause.  Defense counsel acknowledged his
mistake and abandoned his Batson challenge.  The jury was thereafter
impanelled.  On appeal, appellant urges this court to conduct a Batson analysis
on defense counsel=s striking of venireperson number 30. 
Appellant, however, did not preserve this complaint for our review.  

Texas law requires that an objection to a
peremptory challenge be made before the jury is impanelled.  Tex. Code Crim.
Proc. art. 35.261; Hill v. State, 827 S.W.2d 860, 864B65 (Tex. Crim.
App. 1992).  The defendant must object to the peremptory strike of a
venireperson and make a prima facia showing of racial discrimination, raising
an inference that the prosecutor peremptorily struck a venireperson because of
race.  Batson v. Kentucky, 476 U.S. 79, 93B96 (1986).  Here,
appellant abandoned the only Batson challenge asserted before the trial
court.  Appellant raised a challenge to the State=s alleged peremptory
strike of venireperson number 7.  After the State reminded appellant that he
had agreed to strike venireperson number 7 for cause because he refused to
consider probation at sentencing, appellant abandoned his Batson challenge.
By abandoning the only challenge to remove a potential juror and agreeing to
impanel the remaining venirepersons, appellant has presented nothing for
review.[2] 
We overrule appellant=s third issue.








Having
overruled all of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

 

/s/      Adele
Hedges

Chief
Justice

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.

Publish C Tex.
R. App. P. 47.2(b).









[1]  During closing arguments at sentencing, the State
argued that there was some evidence that appellant had voluntarily released the
complainant in a safe place.  Taken in context, the State was simply
acknowledging the existence of some evidence of voluntary release in a
safe place. The State did not concede that appellant had in fact met his burden
of proof by a preponderance of the evidence.  Furthermore, argument of counsel
is not evidence of voluntary release in a safe place.  See Motilla v. State,
38 S.W.3d 821, 824 (Tex. App.CHouston [14th
Dist.] 2001) (acknowledging that closing arguments are not evidence), rev=d on other grounds, 78 S.W.3d 352 (Tex. Crim. App. 2002); Mata v. State, 1 S.W.3d
226, 228 (Tex. App.CCorpus Christi 1999, no pet.) (A[I]t is axiomatic that argument of counsel is not
evidence.@).  Additionally, the jury was free to reject this
portion of the State=s argument.  See Vasquez v. State, 67 S.W.3d
229, 236B39 (Tex. Crim. App. 2002).





[2]  Appellant also contends that the trial court was
required, sua sponte, to inquire into the reason for defense counsel=s striking of venireperson number 30, the last
African-American on the jury panel.  Appellant cites to no authority supporting
this contention.  See Tex. R. App. P. 38.1(h) (requiring that a party=s brief contain citations to authority to support
appellate arguments).  Accordingly, we do not address this argument.  See
id.