

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00004-CR
_____

DANNY EVERT YATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 11F0755-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Danny Evert Yates abducted a female resident of New Boston, Bowie County, Texas, at gunpoint, took her to a remote location,[1] and sexually assaulted her four times, he returned her to the neighborhood of her residence sometime during the hours of darkness, without her glasses, and made her lie face-down inches from the roadway as he drove away.

As a result, Yates stands convicted on four counts of aggravated sexual assault, using a deadly weapon,[2] and one count of aggravated kidnapping, using a deadly weapon.[3] The jury also found that Yates failed to release the victim in a safe place. This appeal centers on that finding. Here, Yates appeals his conviction for aggravated kidnapping[4] on the basis that the jury erred in failing to find that he released the victim in a safe place.[5] We disagree and affirm the trial court's judgment.

In *Brooks v. State*, the Texas Court of Criminal Appeals held that the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to

---

[1]Yates drove them several miles away to a road near the Highway 8 bridge over the Red River, where the assaults occurred.

[2]The sexual assault convictions occurred in trial court cause number 11F0754-102, addressed in our cause number 06-12-00003-CR, released contemporaneously with this opinion.

[3]The kidnapping conviction occurred in trial court cause number 11F0755-102—this case.

[4]Yates was sentenced to a term of life in prison.

[5]During the punishment phase of trial, in a special issue, the jury was asked, "Do you the Jury find by a preponderance of the evidence that the defendant voluntarily released the victim in a safe place?" The jury answered, "We do not." Yates had the burden of proof to show that he voluntarily released the victim in a safe place; and the jury, as the fact-finder, determined that Yates did not meet his burden. *Woods v. State*, 301 S.W.3d 327, 331 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Nolan v. State*, 102 S.W.3d 231, 236–37 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)).

prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Issues on which the defendant has the burden of proof by a preponderance of the evidence, such as sudden passion or safe-place-release, are reviewed under the evidentiary sufficiency standards used in civil cases.[6] *Brooks*, 323 S.W.3d at 924 (Cochran, J., concurring) (citing *Meraz*, 785 S.W.2d at 154); *see Rodriquez-Flores v. State*, 351 S.W.3d 612, 636 (Tex. App.—Austin 2011, pet. ref'd).

The civil legal sufficiency standard requires a two-step analysis. We first examine the record for any evidence that supports the jury's negative finding while ignoring all evidence to the contrary. *Cleveland v. State*, 177 S.W.3d 374, 387 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)). If there is evidence to support the negative finding, that ends the legal sufficiency analysis. *Id.* If no evidence supports the negative finding, then we examine the entire record to determine whether the evidence establishes the affirmative defense as a matter of law. *Id*. We must defer to the fact-finder's determination of the weight and credibility to give the testimony and the evidence at trial. *See id.* at 388–89.

---

[6]Yates suggests we should apply the pure legal sufficiency review as outlined in *Brooks.* In *Brooks*, the Texas Court of Criminal Appeals held that, when the sufficiency of the evidence to support one or more elements of an offense is challenged, we may only review such a challenge under the *Jackson* legal sufficiency standard. 323 S.W.3d at 895. Nowhere in *Brooks* did the court suggest that its holding was applicable to sufficiency challenges to issues on which the defendant has the burden of proof by a preponderance of the evidence, nor did it overrule *Meraz*. Accordingly, we are bound by the court's holding in *Meraz* where the Texas Court of Criminal Appeals specifically held a factual sufficiency review was the proper standard for reviewing challenges to the sufficiency of the evidence relating to issues on which the defendant has the burden of proof. *See Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990). *Meraz* has not been overruled, and therefore, we are bound to follow it. *See Ervin v. State*, 331 S.W.3d 49, 53 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (intermediate appellate court bound to follow precedent of Texas Court of Criminal Appeals); *see also* TEX. CONST. art. V, § 5(a) (Texas Court of Criminal Appeals is final authority for criminal law in Texas).

3

Under the factual-sufficiency standard, we consider whether the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Meraz*, 785 S.W.2d at 154–55. We review all of the evidence neutrally, but we do not intrude on the fact-finder's role as the sole judge of the weight and credibility given to any witness' testimony. *Id.*; *Cleveland*, 177 S.W.3d at 390–91.

Aggravated kidnapping is a first degree felony, punishable by a term of imprisonment for five to ninety-nine years, or life. TEX. PENAL CODE ANN. §§ 12.32(a), 20.04(c) (West 2011). The range of punishment for a second degree felony is between two and twenty years' confinement. At the punishment phase of a trial for aggravated kidnapping with a deadly weapon, a defendant may reduce the punishment range from that for a first degree felony to that for a second degree felony by proving by a preponderance of the evidence that he "voluntarily released the victim in a safe place." TEX. PENAL CODE ANN. § 20.04(d) (West 2011).

To constitute a voluntary release, "the release must have occurred in a place and manner which realistically conveyed [to the complainant] that she was then freed from captivity and in circumstances and surroundings wherein aid was readily available." *Harrell v. State*, 65 S.W.3d 768, 772 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see Wiley v. State*, 820 S.W.2d 401, 411 (Tex. App.—Beaumont 1991, no pet.) (to qualify, defendant "must have performed some overt and affirmative act that brings home to the victim that he/she has been fully released. . . .").

The evidence shows that Yates voluntarily released the victim.[7] The question is whether Yates released her in a "safe place." Factors to consider in determining whether the defendant released the victim in a safe place include the following: (1) the remoteness of the location; (2) the proximity of authorities or persons who could aid or assist; (3) the time of day; (4) climatic conditions; (5) the condition of the victim; (6) the character of the location or surrounding neighborhood; and (7) the victim's familiarity with the location or surrounding neighborhood. *Woods*, 301 S.W.3d at 331–32; *Lavarry v. State*, 936 S.W.2d 690, 696 (Tex. App.—Dallas 1996, pet. dism'd); *Rodriguez v. State*, 766 S.W.2d 360, 361 (Tex. App.—Texarkana 1989, pet. ref'd).

Here, the victim testified that, at the time of the abduction, she had lived in Bowie County for only a little over a month and did not know anyone. She also testified, however, that, immediately before the abduction, she was looking after her best friend's child, and she was sitting outside, waiting for her best friend to come home from work.

After Yates abducted her and sexually assaulted her four times, he released her near her New Boston home. Yates said he "carried her back home," and the victim testified that Yates dropped her off in her neighborhood, "not too far from [her] house." There is no evidence regarding the specific character of the neighborhood, though the photographs in State's Exhibits

---

[7]The narrow interpretation of the term "voluntary" as used in Section 20.04(d) of the Texas Penal Code has been interpreted as "the absence of rescue by the police, or others, or escape by the kidnap victim." *Brown v. State*, 98 S.W.3d 180, 188 (Tex. Crim. App. 2003). The victim testified that Yates eventually dropped her off in her own neighborhood. In an interview with the police, Yates stated that he "carried her back home" and "dropped her off." Here, there is neither evidence of rescue, nor evidence of escape by the victim. Therefore, the evidence conclusively established that Yates voluntarily released the victim.

5

18–23 appear to show neighbors who lived nearby and a neighborhood populated with ranch-style homes.

At the time of the victim's release, it was dark, though the record does not indicate the approximate time of the release. Yates had taken the victim's eyeglasses, leaving her able to see objects up close, but not far away. After she got out of Yates' truck, she was directed to lie face-down on the grass, "a couple of inches" from the road. After getting up and walking "into the light," she figured out where she was and ran home. There is no evidence of the climatic conditions at the time of her release.

While there are elements of safety in the above scenario, the situation also included danger to the victim. We conclude that Yates did not establish either that, as a matter of law, he released the victim in a safe place or that the jury's negative finding on the issue was manifestly unjust. *See Woods*, 301 S.W.3d at 332.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 3, 2012
Date Denied:        July 18, 2012

Do Not Publish